MAUDE M. BIGELOW, Plaintiff, *v.* ROBERT J. DUBUQUE and Others, Defendants.

FIREMAN'S FUND INSURANCE COMPANY OF BOSTON, MASS., Plaintiff, *v.* ROBERT J. DUBUQUE and Others, Defendants.

Supreme Court, Onondaga County, October 28, 1930.

*Melvin & Melvin*, for the plaintiff.

*Frank L. Ward*, for the defendant Vrooman.

*Everett F. Warrington*, for the defendant DuBuque.

DOWLING, J. The plaintiffs have instituted the above actions against the defendants to recover damages arising out of an automobile accident, wherein an automobile owned by plaintiff Fireman's Fund Insurance Company of Boston, Mass., and driven by plaintiff Maude M. Bigelow came into collision with three cars, driven by the defendants, on the Seneca turnpike in Madison county, N. Y. The defendant Vrooman interposed an answer in each action containing two alleged counterclaims against the plaintiffs and the defendant DuBuque for damages to his car and to his person arising out of the collision of said automobiles.

Copies of said answers were cross served upon the defendant DuBuque, who now moves to dismiss " *the first and second causes of action of the affirmative claim and cross action of the defendant Stephen A. Vrooman against the defendant Robert J. DuBuque, on the ground that the said causes of action do not state facts sufficient to constitute a cause of action.*"

The first " cause of action " is not pleaded as a counterclaim against the plaintiffs but defendant Vrooman prays for judgment thereon against both plaintiffs and the defendant DuBuque.

The second " cause of action " complained of is pleaded as a counterclaim against the plaintiffs and the defendant DuBuque and judgment thereon is prayed for against them.

Upon the argument of the motion, defendant DuBuque contended that defendant Vrooman could not maintain said causes of action against him under the authority of *Murray* v. *Mastroeni* (137 Misc. 708), and, therefore, said cross-answers and counterclaims, so far as he is concerned, fail to state facts sufficient to constitute a cause of action and should be dismissed.

In the *Murray Case* (*supra*) the learned justice held that under the facts of said case (which are not disclosed in the opinion) it would be confusing and prejudicial to the plaintiff to allow one of the defendants to litigate the issue raised between him and his codefendant; hence, he should not be permitted to try his separate

cause of action against his codefendant in conjunction with the cause of action of the plaintiffs.

The plaintiffs contend that all of the defendants are jointly and severally liable. I cannot see how their interests or the interests of defendant DuBuque would be prejudiced by allowing the defendant Vrooman to assert and establish, if he can, in these actions, his claim against the defendant DuBuque. If the jury finds that defendant Vrooman was not negligent and defendant DuBuque was negligent, I can see no valid reason why defendant Vrooman should not be permitted to recover herein against the defendant DuBuque for the damages sustained by him in said accident. Juries in the Fifth Judicial District are accustomed to rendering separate verdicts in several cases tried together for convenience, arising out of accidents far more complicated than the instant one. The object of section 264 of the Civil Practice Act is to avoid a multiplicity of suits arising out of the same transaction. To permit the defendant Vrooman to maintain his cross-actions against the defendant DuBuque in the instant actions certainly would result in avoiding a multiplicity of suits.

Plaintiffs do not join in the defendant DuBuque's motions, nor do the plaintiffs claim that they would, in any way, be prejudiced by allowing the defendants DuBuque and Vrooman to settle their dispute in these actions.

I think that the cross-answers and counterclaims in each case state causes of action against the defendant DuBuque.

Motion in each case is denied, with ten dollars costs in one action to abide event.

Ordered accordingly.