RIBBON NARROW FABRIC Co., INC., Plaintiff, *v.* WELLINGTON SHOE Co., INC., and Another, Defendants.

Municipal Court of New York, Borough of Manhattan, Third District, June 11, 1934.

*Israel Beckhardt,* for the motion.

*Harry B. Bottome [William F. Columbus* of counsel], opposed.

EDER, J. Plaintiff sues both defendants for damages to personal property caused by an overflow of water into its loft, alleged to be due to the negligence of both defendants.

The answer of the defendant Wellington Shoe Co., Inc., denies the material allegations of the complaint. It also sets forth a cross-action against the defendant New York Life Insurance Company, and its allegations parallel, substantially, the allegations of the complaint and it seeks an affirmative judgment against the defendant New York Life Insurance Company for property damage sustained by it by the same overflow, which it charges resulted from the same acts of negligence as is charged by plaintiff as the basis of the suit. A copy of its answer has been served by it on the codefendant.

Contending that, by virtue of these facts and section 264 of the Civil Practice Act, it is entitled to have the defendant New York Life Insurance Company serve an answer to the cross-action set forth against it in its answer to the complaint, the defendant Wellington Shoe Co, Inc., now moves for an order directing such answer to the cross-action pleaded to be served by defendant New York Life Insurance Company.

I believe the situation presented entitles the movant to the relief sought. Section 264 of the Civil Practice Act provides: " Controversy between defendants. Where the judgment may determine the ultimate rights of two or more defendants as between themselves, a defendant who requires such a determination must demand it in his answer, and at least twenty days before the trial must serve a copy of his answer upon the attorney for each of the defendants to be affected by the determination, and personally, or as the court or judge may direct, upon defendants so to be affected who have not duly appeared therein by attorney. The controversy between the defendants shall not delay a judgment to which the plaintiff is entitled, unless the court otherwise directs."

This provision was formerly section 521 of the Code of Civil Procedure, and it has been held that it applies to those cases where the relief sought by defendants is based on facts involved in the litigation of plaintiff's claim. (*Mutual Life Insurance Co.* v. *Cranwell*, 10 N. Y. Supp. 404.) (See, also, *Kay* v. *Whittaker*, 44 N. Y. 565, 576, to like effect.)

*Bigelow* v. *Dubuque* (141 Misc. 29) is in point. The facts are quite similar. There the plaintiff sued two defendants for damages for negligence. One defendant, Vrooman, interposed an answer and also sought an affirmative judgment against his codefendant, Dubuque, claiming damages for negligence based on the facts involved in the litigation of the plaintiff's claim.

It was held, properly, I think, that it might be found that the movant was not negligent and that the other defendant was, so that both plaintiff and the moving defendant may have suffered damage as the result of the sole negligence of the other defendant. In that event plaintiff would, in any event, be entitled to recover in that action against such defendant. No logical reason appears why, in the same action, the moving defendant should not also be entitled to recover his damages, without the necessity of instituting an independent suit.

This section, it seems to me, was intended to cover just such a situation and to avoid a multiplicity of suits.

For the reasons stated, the motion is granted.

Settle order on two days' notice.