JEFNO REALTY CORP. et al., Plaintiffs, *v.* LLOYDS FILM STORAGE CORPORATION et al., Defendants.

Supreme Court, Special Term, Queens County, June 18, 1947.

*Gates, Levitt & Notkins* for plaintiffs.

*Maurice Finkelstein* for Lloyds Film Storage Corporation, defendant.

*Isadore Jacobs* for Walter M. Bordeman, defendant.

*Maass, Davidson, Levy & Friedman* for Albert Ergas, defendant.

*E. Edan Spencer* for Charles Smith and another, doing business as Bedford Crane and Shovel Service, defendants.

HOOLEY, J. Three motions for orders, pursuant to rule 112 of the Rules of Civil Practice, for judgment dismissing the cross complaint contained in defendant Lloyds Film Storage Corporation's answer on the ground that the court has not jurisdiction of the subject matter of the said cross complaint for the reason that the cross complaint sets forth a new and independent cause of action not resulting from plaintiffs' cause of action and is not such a controversy as may be set forth as a cross complaint against codefendants under section 264 of the Civil Practice Act.

The action is substantially one to recover damages caused by the breaking of a water main in connection with some digging and excavating. The defendant Lloyds Film Storage Corporation in its cross complaint sets forth that it contracted to have the work done by defendant Bordeman and that he in turn employed other defendants, doing business as Bedford Crane and Shovel Service, to do the work and then asks for double relief: (1) that all of said defendants be answerable to Lloyds for any damages which the plaintiffs may recover against it, and (2) that said defendants should pay to Lloyds damages in the sum of $25,000 caused to it by the overflow of the water.

Section 264 of the Civil Practice Act has never been interpreted so as to permit a cross complaint setting forth an independent cause of action by one codefendant against another not connected with the cause of action set forth in the complaint (*Nauss* v. *Nauss Brothers Co.*, 195 App. Div. 328, 333; *New York Life Ins. & Trust Co.* v. *Cuthbert*, 87 Hun 339, affd. 148 N. Y. 742; *Franklin Fire Ins. Co. of Philadelphia* v. *Simmons*, 179 Misc. 497). It applies to those cases where the relief sought by defendant is based on facts involved in the litigation of plaintiff's claim (*Mutual Life Ins. Co.* v. *Cranwell*, 56 Hun 645, opinion in 10 N. Y. S. 404; *Kay* v. *Whittaker*, 44 N. Y. 565, 576). The court is of the opinion that the amendment of 1946 (L. 1946, ch. 971) does not enlarge or change that general rule. (See Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 43–45.)

In this instance, the relief sought by defendant is based on facts involved in the litigation of plaintiff's claim. As a matter of fact the proof herein as to both plaintiffs' claim and defendant's cross complaint will be substantially the same, except that each will have separate proof as to the damages sustained.

The court is of the opinion that this is a proper case for a cross complaint under section 264 of the Civil Practice Act. It is very similar on the facts to *Ribbon Narrow Fabric Co.* v. *Wellington Shoe Co.* (151 Misc. 796) where Judge EDER held that section 264 aforesaid was applicable.

Motions denied.