FRIEDA POSLUSNY, Plaintiff, v. PINEFORD REALTY CORPORATION
et al., Defendants.

Supreme Court, Special Term, Queens County, March 5, 1948.

*Sigmund Bergman* for Pineford Realty Corp., defendant.

*John W. Trapp* for Bernard Stolzman, defendant.

*Richards W. Hannah* for plaintiff.

DALY, J. The plaintiff brought separate actions against each of the defendants, charging negligence and nuisance in separate counts, as the cause of the accident which occurred on November 28, 1944, in which she sustained personal injuries for which she seeks a recovery. These actions were consolidated.

The defendant Pineford Realty Corporation now moves to amend its answer, in order to assert against the defendant Stolzman, a cross claim, pursuant to section 264 of the Civil Practice Act, and in order to have determined in the same action, the codefendant's liability to the movant for all or part of the judgment which the plaintiff may recover against it.

Under section 264 of the Civil Practice Act, the determination of ultimate rights must be demanded in the pleading and a copy thereof must be served, at least twenty days before the trial, upon the attorney for each of the parties to be affected by the determination. Notwithstanding that the case is on the calendar, the court has the power to allow an answer to be amended, so as to include a cross claim, as it is not possible to know exactly when the trial will take place. Should the case be reached for trial within less than twenty days after the interposition of the cross complaint, the trial court may, upon application, refuse to permit the cross claim to be litigated. (*Woods* v. *Gad Realty Corp.,* N. Y. L. J., Dec. 20, 1947, p. 1835, col. 2.) If the plaintiff does not recover against the cross complainant, it will not be necessary to dispose of the cross complaint. (*Harder Realty & Constr. Co.* v. *City of New York,* 64 N. Y. S. 2d 310, 323.)

The instant application is not opposed by the plaintiff. The only opposition is by the defendant Stolzman, who seeks its denial on the ground that there is no merit to the cross complaint; that if both defendants are held liable to the plaintiff, they would be so held as joint tort-feasors and that the interposition of the cross complaint would confuse the issues. Inasmuch as the cross claim alleged in the proposed amended answer is connected with the plaintiff's claim (*Jefno Realty Corp.* v. *Lloyds Film Storage Corp.,* 191 Misc. 471), and the cross complaint alleges that the defendant Stolzman created and maintained the condition pleaded in the plaintiff's complaint, which is claimed to have caused the accident, I am of the opinion that the cross complaint is proper and within the purview of section 264 of the Civil Practice Act. If the defendant Stolzman did not create that condition, that will be a matter for determination on the merits at the trial.

While it is true that cross claims are not permitted between joint tort-feasors (*Mills* v. *City of New York,* 189 Misc. 291), the existence of that relationship does not appear as a matter of pleading, and that, too, will be a matter to be urged by way of defense at the trial in light of the facts as they are then developed. There is no merit to the claim that the assertion of the cross claim will confuse the issues and inasmuch as the plaintiff has failed to object to the application, it cannot be denied on the ground that the cross action may delay the judgment to which the plaintiff may be entitled. (*Birchall* v. *Clemons Realty Co.,* 241 App. Div. 286.)

The motion is, accordingly, granted. Settle order on notice.