MAY F. DENEAU, as Administratrix of the Estate of JOHN R. DENEAU, Deceased, Plaintiff, *v.* RICHARD F. BEATTY et al., Defendants.

Supreme Court, Special Term, Queens County, August 3, 1949.

*Richards W. Hannah* for Richard F. Beatty, defendant.

*Schaeffer, Goldstein & Sheldon* for Thomas P. Brennan, defendant.

COLDEN, J. Motion by the defendant Beatty to dismiss the cross complaints asserted against him by the defendant Brennan in an action brought by the plaintiff against both to recover damages for wrongful death alleged to have resulted from a collision between motor vehicles respectively owned by said defendants.

The cross complaints allege that the accident was caused solely by reason of the negligence of the defendant Beatty, and

that as a result, personal injuries and property damage were caused the codefendant, for which affirmative relief is sought.

The moving defendant urges that the plaintiff's complaint charges both defendants with being joint tort-feasors. Consequently, cross claims are not permissible between such joint tort-feasors. It is, of course, true that neither impleader, pursuant to section 193-a of the Civil Practice Act, nor cross claims, pursuant to sections 264 and 474 of the Civil Practice Act, are permitted between joint tort-feasors, so as to shift the ultimate liability for plaintiff's damage from the party who is guilty only of passive wrongdoing, to the party who is actively responsible. This is so, because " a right of contribution does not arise and a remedy for its prosecution is not given by section 211-a " of the Civil Practice Act " until one of the defendants has paid more than his proportionate share of the judgment." (Twelfth Annual Report of N. Y. Judicial Council, 1946, p. 217; *Cloud* v. *Martin*, 273 App. Div. 769.)

In the case at bar, however, we are not dealing with the question of ultimate liability. Here, one of two defendants, charged with having caused plaintiff's damage, asserts a cross claim against the other for damages which he, *himself,* sustained as a result of the same accident. Since this is an independent cause of action asserted by one defendant against another, which is connected with the claim asserted by the plaintiff, the court is of the opinion that it comes within the purview of sections 264 and 474 of the Civil Practice Act, and should be determined at the same time that plaintiff's rights are adjudicated, provided that it does not " delay a judgment in the main controversy " (Civ. Prac. Act., § 264). Since the plaintiff has not joined in the motion of the defendant Beatty, the question of delaying her judgment in the main action has been taken out of the case, and all we have to deal with is the authority to entertain such cross complaint. Such authority was sustained prior to the 1946 amendment (L. 1946, ch. 971) by Mr. Justice Dowling of the Fourth Department, in *Bigelow* v. *DuBuque* (141 Misc. 29), and by Mr. Justice Eder of the First Department, in *Ribbon Narrow Fabric Co.* v. *Wellington Shoe Co.* (151 Misc. 796). There is nothing in the 1946 amendment which indicates a change; on the contrary, the Report of the Judicial Council, above referred to, indicates that the amendment was intended to liberalize the practice in this field, so as to encourage the disposition of a maximum number of controversies involving a maximum number of causes of action, counterclaims and cross claims in one litigation, consistent with a minimum confusion of issues (See Adding Parties,

Impleader and Intervention — The 1946 Revision by Samuel S. Tripp, 14 Brooklyn L. Rev. 157, 158, 177). As was stated by Mr. Justice Dowling in the *Bigelow* case (*supra*, p. 31), " The object of section 264 of the Civil Practice Act is to avoid a multiplicity of suits arising out of the same transaction."

The motion is, accordingly, denied.

Submit order.