Matthew J. Jasen, J.
This is a motion to dismiss a cross claim interposed by the defendants Steinberner against the defendant Pearce & Pearce Co., Inc. The plaintiff commenced an action against all of the defendants alleging that the defendants Steinberner were owners in possession of the premises upon which the plaintiff was injured; that the defendant Pearce & Pearce Co., Inc., was a building contractor engaged in building a residential structure and improving the premises on which the plaintiff was injured, pursuant to a contract with the defendants Steinberner; and that he was injured ‘ ‘ through the negligence of the defendants, their agents, servants and employees ” by being violently precipitated to the ground and against a part of a stone structure on the premises at or near the front entrance thereto. Defendant Pearce & Pearce Co., Inc., in its motion papers, claims that the cross claim does not lie because the plaintiff’s action is brought against all the defendants as joint tort-feasors. Therefore, it argues, a cross claim under section 264 of the Civil Practice Act will not lie.
While it may be that the facts as developed at the trial will show all the defendants to be in pari delicto and joint tortfeasors, it certainly cannot be said at this time that they are. (Datria v. Socony Vacuum Oil Co., 96 N. Y. S. 2d 522; Poslusny v. Pineford Realty Corp., 191 Misc. 858). As stated in the case of Walkowicz v. Whitney’s, Inc. (178 Misc. 331): “ it should be borne in mind that the purpose of section 264 of the • Civil Practice Act, pursuant to which the cross-claims are made, is to avoid a multiplicity of suits and circuity of action * * * and that unless this purpose is to be defeated the cross-claims must be allowed to stand provided that there really may be an issue to be decided under them. Whether the owner-lessors can recover against Whitney’s, Inc., any loss which they shall have paid to the plaintiff will depend upon complicated questions of fact and of law. It will depend upon the basis of fact and law which the plaintiff succeeds in establishing against them.”
It is possible that liability against the defendants Steinberner as owners of the property will be imposed by operation of law for a wrong committed by the defendant Pearce & Pearce Co., Inc. If this is so, there will be no question as to the right of defendants Steinberner to be indemnified by Pearce & Pearce *985 Co., Inc. (Birchell v. Clemons Realty Co., 241 App. Div. 286.) Nothing in the complaint suggests that the defendants Steinberner were actively negligent with the defendant Pearce & Pearce Co., Inc. The complaint charges only that the defendants caused the plaintiff’s injuries by their negligence. For the type of negligence chargeable to any of the defendants, we must await the trial of the action and if the proof shows the defendants Steinberner to have been joint tort-feasors or actively negligent so as to prevent indemnity, it will be time enough to grant the motion to dismiss the cross claim.
With respect to the second point raised by the defendant Pearce & Pearce Co., Inc., for dismissing the cross claim of the defendants Steinberner, it is the court’s opinion that the cross claim states facts sufficiently to make out a cause of action.
With respect to the moving party’s third point, i.e., that the third-party complaint pleads a complete disavowal of negligence on the part of third-party plaintiff and therefore pleads no basis for indemnification, the court cannot agree (Carr v. City of New York, 252 App. Div. 880; Birchall v. Clemons Realty Co., supra; Kadisch v. Preston Properties, 1 N. Y. S. 2d 888; Kile v. Riefler Bros. Contractors, 282 App. Div. 1000 cited in support of this contention does not hold to the contrary.) In that case, the defendant attempted to bring in a third party under section 193-a of the Civil Practice Act. The defendant had been charged with active negligence in the complaint, not with liability by operation of law for a wrong committed by another. The defendant, by denying his own negligence in the third-party complaint, eliminated the only basis for a judg.ment against him. Furthermore, since he was charged by the plaintiff with active negligence, he could at best be a joint tortfeasor. Here, as we have said, the plaintiff nowhere claims that defendants Steinberner were actively negligent. They are merely charged with negligence.
The motion is denied.