HERMAN GLASER, Respondent, *v.* LENA T. HUETTE, Also Known as LENA HUETT, Appellant, Impleaded with GEORGE I. AUSTIN, Defendant.

First Department, April 10, 1931.

*Paul D. Carrigg* of counsel [*James B. Henney* with him on the brief, attorney], for the appellant.

*John J. McGinty* of counsel [*Thomson & McGinty*, attorneys], for the respondent.

McAVOY, J. We think that since the parties now here were not adversaries in the former suits but codefendants wherein no duty existed to contest the issue of negligence as between them and no pleadings existed between them, the decisions there settled nothing as to the liability of the codefendants to each other. Therefore, the plea of *res adjudicata* was not available to this defendant.

The order should be affirmed, with ten dollars costs and disbursements.

FINCH, P. J., MERRELL and SHERMAN, JJ., concur; MARTIN, J., dissents.

MARTIN, J. (dissenting). This litigation presents an interesting question involving the defense of *res adjudicata* set up in the answer.

On or about the 12th day of April, 1929, actions were instituted in the Municipal Court of the City of New York, Borough of Manhattan, Third District, by Harry Birnbach as guardian *ad litem* of Isidore Birnbach; by Abe Manin as guardian *ad litem* of Harry

Manin, and by Abe Manin, individually, against this defendant, appellant, another defendant therein, and Herman Glaser, the plaintiff in this action. The actions were brought to recover damages for personal injuries alleged to have been sustained by the plaintiffs through the negligence of the operators of two automobiles.

In those actions both operators of the automobiles which collided (the plaintiff herein and George I. Austin who was operating the car owned by defendant, appellant) were held liable for negligence. Judgments against the defendants (plaintiff and defendants respectively in this action) were thereafter entered in the Municipal Court of the City of New York on the 19th day of December, 1929, in favor of all of the plaintiffs therein.

The question of the negligence of plaintiff and defendants herein was necessarily involved in that litigation and was determined by the jury verdict against them, the jury holding that both were negligent in the operation of their automobiles. No appeal was taken from the said judgments and two of the defendants in those actions (the plaintiff and defendant, appellant, herein) each paid one-half of the said judgments.

The plaintiff herein now sues the defendants Lena T. Huette and George I. Austin to recover $25,000 as damages because of their negligence, alleging that the defendant George I. Austin operated the automobile of defendant Lena T. Huette in such a manner as to cause serious personal injury to the plaintiff. An additional cause of action is set forth to recover the sum of $2,000 damages to the automobile operated by the plaintiff on the occasion in question.

The defendant, appellant, sets up the defense of *res adjudicata* and asserts that the jury in the Municipal Court actions having found the codefendants therein (plaintiff and defendants herein) negligent and responsible for the accident, and no appeal having been taken from that finding, the plaintiff herein may not now successfully sue the defendants for negligence growing out of the same accident. The defendant, appellant, contends that the issues were determined against this plaintiff when the jury in the Municipal Court rendered its verdicts that both parties hereto were negligent and awarded damages against them.

In *Duignan* v. *Pawlikowski* (134 Misc. 22), a case directly in point, HINKLEY, J., quoted Black on Judgments ([2d ed.] vol. 2, § 614), which correctly states: " The doctrine of *res judicata* does not rest upon the fact that a particular proposition has been affirmed and denied in the pleadings, but upon the fact that it has been fully and fairly investigated and tried,— that the parties have

had an adequate opportunity to say and prove all that they can in relation to it, that the minds of court and jury have been brought to bear upon it, and so it has been solemnly and finally adjudicated."

In the cases in the Municipal Court the precise matters in issue were the negligence of this plaintiff and this defendant, and those issues were necessarily determined. The jury there decided that all the parties hereto were negligent. They had ample opportunity there to submit evidence and to definitely place the responsibility for the accident. The codefendants therein, having litigated the question of negligence, and having been found negligent, the judgment entered in the Municipal Court is a final adjudication on the issue of negligence and this plaintiff is not now in a position to relitigate that question. Codefendants who are adversaries in an action in which a judgment is rendered are such parties to the judgment as are bound thereby where the question at issue in the case is litigated and determined between the codefendants in the former action. (*Rudd* v. *Cornell*, 171 N. Y. 114; *Craig* v. *Ward*, 3 Keyes, 387.)

This action is not brought to enforce a right given by section 211-a of the Civil Practice Act which allows contribution in such cases. That section, however, confirms the proposition that such a judgment is *res adjudicata*. It is provided therein that " Where a money judgment has been recovered jointly against two or more defendants in an action for a personal injury or for property damage, and such judgment has been paid in part or in full by one or more of such defendants, each defendant who has paid more than his own pro rata share shall be entitled to contribution from the other defendants with respect to the excess so paid over and above the pro rata share of the defendant or defendants making such payment."

We are not here concerned with the degree of negligence which may be charged to each of the defendants in the Municipal Court action. The fact that both were held negligent and were charged with equal responsibility for the accident, disposes of that issue since there has been no reversal on appeal.

Many of the cases relied upon by the respondent have no application to the facts set forth in the defense pleaded in the answer. The points of difference are so apparent that it would serve no useful purpose to discuss each in detail.

I am of opinion, therefore, that the defense of *res adjudicata* may be pleaded herein and that the order denying leave to amend the answer should be reversed, and the motion granted.

Order affirmed, with ten dollars costs and disbursements.