Charles E. Murphy, J.
On the morning of June 12, 1948, a collision occurred between the automobile owned and operated by plaintiff and an automobile owned by Abe Segal, one of the defendants herein. The latter car was being driven from Segal’s house to the garage of defendant Samac Motors, Inc., by one of its employees. The action pending in this court was brought against Abe Segal and Samac Motors, Inc., to recover damages for personal injuries and property damage allegedly sustained by plaintiff as a result of said collision. Segal commenced an action for property damage in the City Court, Kings County, naming as defendants therein Samac Motors, Inc., and John W. Boyne, the plaintiff herein. The complaint against Samac Motors, Inc., in addition to a claim for negligence, also alleged a breach of contract.
Segal’s action in the City Court was tried and a verdict rendered by a jury in his favor against John W. Boyne and in favor of defendant Samac Motors, Inc. By reason of said determination the defendant, Samac Motors, Inc., has applied to this court for leave to serve an amended answer setting up defenses of res judicata. In this connection, the movant calls the attention of the court to the answer of defendant Segal in the case at bar, in which affirmative relief against the defendant Samac Motors, Inc., is sought pursuant to the provisions of section 264 of the Civil Practice Act.
Defendant Samac Motors, Inc., argues that it is entitled to plead the defense of res judicata, both as to the plaintiff John *687 W. Boyne on Ms complaint herein and. to the cross complaint of the defendant Segal, to which reference has just been made.
The motion is unopposed by defendant Segal and it is, therefore, granted as to him. However, it cannot be properly set up as a defense against the plaintiff in this action. It is well established that in an action brought by a tMrd party in which the plaintiff and defendant were parties defendant the judgment is not res judicata unless the parties were adversaries and disposed of issues between themselves on pleadings raising such issues. See Pullam v. Greater Eagle Wet Wash Laundry Co. (137 Misc. 103) which cites as authority Self v. International Ry. Co. (224 App. Div. 238). See, also, Glaser v. Huette (232 App. Div. 119, affd. 256 N. Y. 686) where the court said: ‘ ‘ We think that since the parties now here were not adversaries in the former suits but codefendants where no duty existed to contest the issue of negligence as between them and no pleadings existed between them, the decisions there settled nothing as to the liability of the codefendants to each other. Therefore, the plea of res adjudícala is not available to this defendant.”
In Self v. International Ry. Co., (supra) the court held that it was reversible error to permit the introduction into evidence of the judgment roll of the prior action. Motion denied as to the plaintiff. Settle order on notice.