Charles A. Loreto, J.
The plaintiff Moran in this action seeks to recover judgment for personal injuries against the defendants Lehman and Doyle, trustees in reorganization of *995 the Surface Transportation Corporation and the defendants Hailey by reason of an automobile collision that occurred on September 24, 1951, at the intersection of Jarvis Avenue and Bruckner Boulevard, The Bronx, New York City. This action originally commenced in the Supreme Court has been transferred to this court.
It appears that an action was instituted by one Costello to recover damages for personal injuries claimed to have been sustained by him while a passenger of the motor vehicle owned by Moran, the plaintiff herein. That suit of Costello was based upon the same accident which is the subject of this suit. And in the Costello action the named defendants were the Haileys, father and son, owners and operators of one vehicle, Lehman and Doyle, trustees of the Surface Transportation Corporation and Brady, owner and operator of a second vehicle and Moran, the plaintiff herein, owner of the third vehicle, all involved in the collision aforesaid.
The Costello suit commenced in the Supreme Court, transferred to the City Court for trial, resulted in a dismissal at the end of the plaintiff’s case as to defendants Hailey, a verdict in favor of defendants Lehman, Doyle and Brady, and a verdict against Moran, the plaintiff in this action.
The defendants Lehman, Doyle and Brady move for leave to amend their answer to plead res judicata and also for summary judgment on the pleadings. The defendants Hailey separately make a similar motion.
The question is therefore posed whether or not where one was a codefendant in a prior action wherein the basic issue of negligence was tried and determined he is precluded from later relitigating the same issue in a suit wherein he is the plaintiff.
The plaintiff’s attorney argues that the defense of res judicata is inapplicable unless the parties were adversary parties in the prior suit and cites in support of his contention Glaser v. Huette (232 App. Div. 119, affd. 256 N. Y. 686), wherein the Appellate Division held “ that since the parties to this action were not adversaries in the former suit, but codefendants with whom no duty existed to contest the issue involved in this action, the decision there settled nothing as to the liability of the codefendants to each other ”. The question certified for the Court of Appeals was “ ‘ Is the defense of res ad judicata set forth in the proposed amended answer a valid defense to the cause of action alleged in the complaint? ’ ” The court, Per Curiam, answered it in the negative.
Under that authority, the plaintiff’s attorney contends that it is essential that the litigants in the two separate actions retain *996 their identity as opposite parties in order that the plea of res judicata prevail.
The rule of res judicata is one deeply rooted in the common law. It is based upon public policy that demands an end to litigation. Where the same issues have once been determined in an action between the same parties, they will not be permitted to have them tried again. It has been held that ‘ ‘ A well-recognized ‘ apparent exception to this rule of mutuality ’ exists where liability for the fault of an agent or servant or indemnitee is asserted against a principal, master or indemnitor ”. (Elder v. New York & Pennsylvania Motor Express, 284 N. Y. 350, 352.) However, in the latter case the plea was not allowed to be asserted affirmatively by the driver of one of the vehicles when there had been a prior adjudication in an action between the owners of the two vehicles, noting that this plea was considered only as a defense in Good Health Dairy Prods. Corp. of Rochester v. Emery (275 N. Y. 14).
Under these authorities the contention of plaintiff’s attorney would be sustained. However, the recent decision in Israel v. Wood Dolson Co. (285 App. Div. 719, affd. 1 N Y 2d 116) overrules the efficacy of Glaser v. Huette (supra).
In the Israel case the plaintiff broker sued Wood Dolson for breach of contract and Gross for unlawful inducement of said breach. The causes were severed and that against Wood Dolson was first tried resulting in a decision that the plaintiff had not performed. In the action against Gross who was not a party to the first tried action, the plea of res judicata was sustained.
The court reads in the unanimous opinions in the Israel case written for both the Appellate Division and the Court of Appeals a refusal to hold that the parties to the prior suit must have been adversary litigants for the rule of mutuality estoppel to apply. There the Appellate Division said (p. 722), “It would seem that the exceptions to the rule of mutuality should be as broad as the requirements of justice and practical necessity ”.
And in the Court of Appeals the court wrote (1 N Y 2d 116, 119-120):
‘‘ Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues. * * *
“ It will be seen, therefore, that the fact that a party has not had his day in court on an issue as against a particular litigant *997 is not decisive in determining whether the defense of res judicata is applicable. * * *
“ The unilateral character of the estoppel in such cases is warranted by the policy of the doctrine of res judicata — that there be an end to litigation.”
As in the Israel case, this action turns on identical issue of negligence decided in the prior trial against the plaintiff Moran, codefendant in that action, who as a litigant had a full opportunity in the prior action to establish his freedom from liability or the liability or culpability of another. Therefore, he will not be permitted to retry that issue. (See, also, Bennett v. Mitchell, 2 Misc 2d 116.)
It is with a degree of gratification that the court observes that this latest application of the res judicata rule, meeting the test of practical necessity and justice, will to some extent help ameliorate the overburdened court calendar condition due to the ever mounting automobile accident cases.
The motions are granted and the complaint is dismissed as to the moving defendants.