J. Irwin Shapiro, J.
In this negligence action, the plaintiffs move to strike out the answer of the defendant and for an assessment of damages.
In an action in this court, wherein one Michael Singer was the plaintiff, and wherein this present plaintiff, Fannie Singer, and the present defendant, were defendants, the trial court rendered a decision in favor of the plaintiff and against the present defendant only, dismissing the complaint as against the defendant Fannie Singer (one of the plaintiffs here).
In that decision the court said :
‘ ‘ This is an action for damages arising out of the alleged negligence of the defendants, tried before the Court without a jury. The plaintiffs, Michael Singer and Hortense Singer, were passengers in the car owned by the defendant, Tornice Realty Corp., and which was driven by the defendant, Fannie Singer. The car in which the plaintiffs were passengers collided with the car owned and operated by the defendant, Joseph H. Banzer.
‘ ‘ After a careful consideration of all of the testimony, I find that the plaintiffs have sustained the burden of proof required by a fair preponderance of the credible evidence and that this accident was caused solely through the negligence of the defendant, Josph H. Banzer, and without any contributory negligence on their parts. ’ ’
It can thus be seen that the trial court determined as a matter of fact that the collision between the car driven by the defendant Banzer and that driven by the defendant Singer (the plaintiff here) was caused solely through the negligence of Banzer and without any fault on the part of Singer.
Based on the aforesaid circumstances, the plaintiffs now move to strike out the answer of the defendant Banzer and for an assessment of damages on the ground that the issues have heretofore been determined by a court of competent jurisdiction in an action to which they were both parties.
If I were free to determine this motion as one of first impression, I would grant it on both the theory of res judicata and of judgment by estoppel. Both parties have had their day in court *5 in the previous lawsuit; they were both defendants there in a suit by a passenger in which they were each directly interested in showing that the sole blame for the collision was on the other.
The court thus having found that the collision between the two cars was caused solely through the negligence of the defendant Banzer and without any fault on the part of the defendant Singer (the plaintiff here), there would seem to be no reason, but the rather technical, and to me unrealistic, one, that the parties in that suit were not in fact adversaries for the denial of the plea of res judicata.
However, in spite of the many liberal views expressed on this subject by the Court of Appeals in recent years (Israel v. Wood Dolson Co., 1 N Y 2d 116 [1956]), the case of Glaser v. Huette (232 App. Div. 119, affd. 256 N. Y. 686) has never been expressly overruled. In that case, which went to the Court of Appeals on a certified question, the Appellate Division said: “We think that since the parties now here were not adversaries in the former suits but codefendants wherein no duty existed to contest the issue of negligence as between them and no pleadings existed between them, the decisions there settled nothing as to the liability of the codefendants to each other. Therefore the plea of res ad judicata was not available to this defendant. ’ ’
Under the circumstances, while finding myself in disagreement with the determination in that case, I feel bound to follow it until some appellate court has expressly decided that it has been overruled by the reasoning of the Wood Dolson case (supra) (but see to the contrary, Moran v. Lehman, 7 Misc 2d 994).
The motion is denied.