Arthur Wachtel, J.
This is a motion by the defendant for leave to serve a supplemental answer setting forth a judgment in a prior action in the Supreme Court, Bronx County, as res judicata.
The action in the case at bar arises out of an accident in which the automobiles of the plaintiff and the defendant collided. The collision caused personal injuries to passengers in the defendant’s automobile. These passengers sued the plaintiff and defendant as codefendants in the Supreme Court, Bronx County. The jury returned a verdict for the plaintiffs against all the defendants, including the owners and drivers of both vehicles. In that verdict the jury found that both drivers were guilty of negligence and the owners of the automobiles, who were present in the cars at the time of the accident, were also held. While the Supreme Court action was pending this Municipal Court action was commenced. After judgment in the Supreme Court action the defendant made this motion to serve a supplemental answer to set up the judgment in the Supreme Court action on the theory of res judicata. The attorney for the plaintiff opposes the motion and relies upon Glaser v. Huette (256 N. Y. 686 [1931]), wherein the Court of Appeals held that a judgment in a prior Municipal Court action brought by third parties against the owner and driver of two colliding automobiles did not constitute a valid defense of res judicata in a subsequent action in the Supreme Court brought by the owner-driver of one of the automobiles against the owner and driver of the other automobile. The Appellate Division (232 App. Div. 119) held (McAvoy, J.) as follows: “We think that since the parties now here were not adversaries in the former suits, but codefendants wherein no duty existed to contest the issue of negligence as between them and no plead *372 ings existed between them, the decisions there settled nothing as to the liability of the codefendants to each other.”
Mr. Justice Martin dissented on the ground that the issues of negligence of plaintiff and defendant were necessarily determined in the Municipal Court action, and they had had adequate opportunity there to litigate these issues.
More recent decisions have clarified the test to be laid down in these cases (Good Health Dairy Prods. Corp. v. Emery, 275 N. Y. 14; United Mut. Fire Ins. Co. v. Saeli, 212 App. Div. 951, affd. 297 N. Y. 611; Israel v. Wood Dolson Co., 285 App. Div. 719, affd. 1 N Y 2d 116; see Res Judicata: Mutuality of Estoppel, 42 Corn. L. Q. 290).
The test laid down by Chief Judge Conway, speaking for the Court of Appeals in Israel v. Wood Dolson Co. (1 N Y 2d 116, 119, supra) is as follows: “Thus, as we said in Good Health Products Corp. v. Emery (275 N. Y. 14, 18, supra): ‘ Behind the phrase res judicata lies a rule of reason and practical necessity. One who has had his day in court should not be permitted to litigate the question anew. Although normally it is necessary that mutuality of estoppel exist, an exception is at times made where the party against whom the plea is raised was a party to the prior action and ‘ ‘ had full opportunity to litigate the issue of its responsibility.” (See Liberty Mutual Ins. Co. v. Colon, 260 N. Y. 305, 312.) Under such circumstances the judgment is held to be conclusive upon those who were parties to the action in which the judgment was rendered. Where a full opportunity has been afforded to a party to the prior action and he has failed to prove his freedom from liability or to establish liability or culpability on the part of another, there is no reason for permitting him to retry these issues.’ ”
Chief Judge Conway further declared (p. 120) that: “in determining the applicability of the doctrine of res judicata as a defense, the test to be applied is that of ‘ identity of issues. ’ ”
This restatement of the law is a reaffirmation of the principles of res judicata as set forth by the Court of Appeals in Rudd v. Cornell (171 N. Y. 114, 127-129; cf. dissenting opinion, Martin, J., Glaser v. Huette, 256 N. Y. 686, supra), and Pray v. Hegeman (98 N. Y. 351; see, also, Cardozo, Ch. J., Schuylkill Fuel Corp. v. Nieberg Realty Corp., 250 N. Y. 304). While it is true that Glaser v. Huette (supra) has not been expressly overruled (see Singer v. Banzer, 8 Misc 2d 3), the effect of the recent opinions of the Court of Appeals is to limit its holding to a ease where justice is best served by refusing to apply the rule of res judicata, as where the party against whom it is sought *373 to be used has not had his day in court and has not had full opportunity to litigate the issue of his responsibility.
The conclusion of the court is in conformity with that of Moran v. Lehman (7 Misc 2d 994); Bennett v. Mitchell (2 Misc 2d 116).
Accordingly, the motion is granted and defendant shall have 10 days from the date of this order within which to serve the proposed supplemental answer, setting up the defense of res judicata.