Robert O. Brink, J.
This is a motion pursuant to subdivision 5 of rule 110. of the Rules of Civil Practice for a judgment dismissing a counterclaim of the defendant, William Edward Quinn, on the ground that a final judgment rendered in a Supreme Court action is res judicata as to the issues involved.
On or about August 15, 1955 an action for personal injuries was instituted in the Supreme Court of Broome County by one Carole Holley against the above-named plaintiff and the defendants. The Supreme Court action arose out of the same motor vehicle accident which is the subject matter of this lawsuit. The plaintiff, Carole Holley, was a passenger in the motor vehicle owned by the above-named William Edward Quinn and operated by the defendant, Donald Gh Miller, when it collided with a motor vehicle owned by the plaintiff and operated by one Donald W. Keesler. At the time of the accident, William Edward Quinn was present in his vehicle. The prior *1084 action was tried before Honorable Walteb B. Reynolds, Justice of the Supreme Court and a jury on June 11, 1956. The jury returned a unanimous verdict of no cause of action against the defendants Light and Keesler, and a verdict of $9,000 against Quinn and Miller. On the 13th day of June, 1956, a judgment was entered in the Broome County Clerk’s office dismissing the complaints on the merits as against the defendants, Light and Keesler and awarding $9,000 plus costs against the defendants, Quinn and Miller. This judgment has not been appealed from and was wholly paid by defendants, Quinn and Miller.
The plaintiff in this action now takes the position that the judgment in the Supreme Court action was a judicial determination that in the accident involved in this present litigation the defendants Quinn and Miller were negligent and that the plaintiff, Norman Light, was free from contributory negligence. The defendants in this action take the position that by reason of the fact that the parties to this action were not adversaries in the former suit, the prior decision did not settle the question of the liability of the codefendants as to each other.
Each of the parties to this action were in court on the Supreme Court trial and had an opportunity, not only to prove his freedom from liability, but also to establish the liability of the other defendants. The issues involved in the prior litigation are exactly the same issues involved in this lawsuit, namely, the question as to whether the negligence of any or all defendants caused or contributed to the accident. In the Supreme Court action the jury returned a verdict against the defendants Quinn and Miller and no cause of action as to the defendant Light and the operator of his car, and thereby determined that the accident happened by reason of the negligence of Quinn and Miller and without any negligence on the part of the defendant Light.
From the weight of recent authority, it is the opinion of this court that the former Supreme Court judgment is res judicata of the subject matter set forth in defendant’s counterclaim. (Israel v. Wood Dolson Co., 1 N Y 2d 116; Good Health Dairy Prods. Cory. v. Emery, 275 N. Y. 14; United Mut. Fire Ins. Co. v. Saeli, 297 N. Y. 611; Moran v. Lehman, 7 Misc 2d 994; Bennett v. Mitchell, 2 Misc 2d 116.)
The plaintiff is entitled to an order dismissing the counterclaim of the defendant, William Edward Quinn, together with $10 costs of the motion.