Robert 0. Brink, J.
This is a motion pursuant to rule 113 of the Rules of Civil Practice for a summary judgment in favor of the defendant against the plaintiff dismissing the plaintiff’s complaint on the ground, that a final judgment rendered in a County Court action in which the parties to this action were codefendants is res judicata as to the issues involved in the above-entitled action.
On or about April 28, 1958, one Kenneth Carpenter, who was a passenger in the car owned and operated by the defendant, James F. Cronin, and who sustained personal injuries as a result of a collision between the automobiles owned and operated by the above-named plaintiff and the above-named defendant, commenced an action in the County Court of Broome County against the above-named plaintiff and the above-named defendant to recover damages. In the prior action, the plaintiff and the d ffendant were both represented by counsel and the action was Tied in the County Court before the undersigned and a jury from the 15th through the 18th of December, 1958. The jury returned a verdict of $2,632.91 in favor of the plaintiff against both defendants upon which judgment was entered in favor of the plaintiff against both defendants, December 29, 1958. On or about December 10,1958, Albert T. Moyle, one of the defendants against whom the judgment was obtained, sued James Cronin, the other defendant, seeking to recover for personal injuries, which he sustained in the same accident. The defendant, James F. Cronin, has interposed an answer in this action pleading res judicata on the basis that the issue of plaintiff’s contributory negligence in the present action was necessarily litigated in the prior action tried in this court and that, the plaintiff is precluded from relitigating the issue in the present action.
In the case of Light v. Quinn (17 Misc 2d 1083), under circumstances where a passenger in a car obtained a verdict against the owner and operator of one car involved in a collision and the jury returned a verdict of no cause of action against the owner and operator of the other car and the owner of the automobile against whom the passenger had obtained a verdict attempted to counterclaim for property damages for his automobile against the defendants who obtained the no cause of action verdict in the prior action, this court held that the prior Supreme Court judgment was res judicata, as to the issue of liability between the codefendants arising out of the same action. The same principle is involved in this action, as both parties to the present action were in court on the prior trial and litigated the question of liability for the accident. *467 By returning a verdict against both defendants in favor of a passenger, the jury necessarily determined that Alfred T. Moyle, the plaintiff in this action was guilty of negligence. The fact that plaintiff’s contributory negligence has been established and judicially determined bars his recovery in this action. (Israel v. Wood Dolson Co., 1 N Y 2d 116; Good Health Dairy Prods. Corp. v. Emery, 275 N. Y. 14; United Mut. Fire Ins. Co. v. Saeli, 297 N. Y. 611; Moran v. Lehman, 7 Misc 2d 994; Bennett v. Mitchell, 2 Misc 2d 116; James v. Saul, 17 Misc 2d 371.)
Defendant is entitled to judgment dismissing plaintiff’s complaint, with taxable costs.