JACK FRIEDMAN, Appellant, *v.* PHILLIP J. SALVATI, Respondent.

First Department, June 28, 1960.

*Harold B. Perry* for appellant.

*Robert L. Flynn* for respondent.

VALENTE, J. Plaintiff, the owner and operator of a motor vehicle sued to recover damages for personal injuries and to his automobile resulting from an intersection collision with a vehicle operated by defendant. Theretofore, an infant passenger in defendant's car had sued both plaintiff and defendant in the Supreme Court, Westchester County, and had recovered a judgment against both of them. Based on the infant's recovery in that action, defendant moved to amend his answer to plead *res judicata*. That motion was denied and no appeal was taken.

Thereafter, defendant moved for summary judgment. This appeal is from an order granting that motion. Special Term held that since the Westchester County judgment was against both operators, they were joint tort-feasors; and, as such, could not be permitted to relitigate in this action matters which had been tried in the passenger's suit.

Since on the negligence phase of the instant suit there are clearly triable issues, our concern is solely with the specific ground upon which summary judgment was granted. In *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686) upon facts almost identical with those herein, it was held that since the operators of the vehicles were not adversaries in the former suit, but were codefendants, the judgment in the former action did not settle the question of liability of the codefendants to each other. *Israel* v. *Wood Dolson Co.* (1 N Y 2d 116) relied on by Special Term did not change the rule announced in *Glaser* v. *Huette*. In *Israel* v. *Wood Dolson Co.*, it was held that a

judgment dismissing a complaint in an action for breach of contract against Wood Dolson acted as a collateral estoppel in an action by the same plaintiff against another party for inducing a breach of the same contract. Dicta in *Israel* v. *Wood Dolson*, however, was regarded by Special Term, as well as some other lower courts, as changing the doctrine of *Glaser* v. *Huette* even though the latter case is not even mentioned in *Israel* v. *Wood Dolson.* (*Moran* v. *Lehman,* 7 Misc 2d 994; *James* v. *Saul,* 17 Misc 2d 371; *Light* v. *Quinn,* 17 Misc 2d 1083; *Moyle* v. *Cronin,* 18 Misc 2d 465; contra: *Boyne* v. *Samac Motors,* 22 Misc 2d 686; *Corey* v. *Central Taxi,* 199 Misc. 403; *Singer* v. *Banzer,* 8 Misc 2d 3; see " Collateral Estoppel and the Joint Defendant "— 24 Albany L. Rev. 136–147.)

Primarily the factual differences point clearly to a distinction in principle. In *Israel* there was no joint trial against both defendants and the nature of the causes of action against each differed. Additionally, a verdict in favor of Israel against Gross for inducing a breach of contract could not stand in view of the dismissal of the cause against Wood Dolson for breach of contract. Where two operators of vehicles are sued, there can be a consistent verdict against both or against either one.

Until *Glaser* v. *Huette* has been specifically overturned by the Court of Appeals, the doctrine of that case will be applied to suits like the instant one. That doctrine conforms with the decisions in an overwhelming majority of jurisdictions (cf. Ann. 101 A. L. R. 104, 142 A. L. R. 727, 152 A. L. R. 1066; 50 C. J. S., Judgments, § 819; 30-A Am. Jur., Judgments, § 411; Restatement, Judgments, § 82; 1 Freeman, Judgments [5th ed.], §§ 422, 424).

Hence, it was error to hold that plaintiff was precluded from litigating the issue of negligence between plaintiff and defendant by the judgment obtained by a passenger of one of the vehicles in another action.

Moreover, as a procedural matter, Special Term should not have considered defendant's claim of *res judicata* upon his motion for summary judgment in view of the prior determination by another Special Term Justice denying defendant leave to amend the answer. The denial of that motion, from which defendant did not appeal, made it the law of the case that the judgment in the Westchester action did not act as a collateral estoppel in the instant litigation. Defendant was not entitled, by indirection, to have another Justice consider or overrule the action of a court of co-ordinate jurisdiction (*Mount Sinai Hosp.* v. *Davis,* 8 A D 2d 361, 362).

The order should be reversed, on the law and the facts, and defendant's motion for summary judgment denied, with costs to appellant.

BREITEL, J. P., McNALLY, STEVENS and BASTOW, JJ., concur.

Order dated March 10, 1960 granting defendant's motion for summary judgment unanimously reversed, on the law and on the facts, with $20 costs and disbursements to plaintiff-appellant, and defendant's motion for summary judgment denied, with $10 costs.