Arthur E. Blauvelt, J.
Defendants Dunham and Arkport Motors, Inc., move for summary judgment, pursuant to rule 113 of the Buies of Civil Practice, for a dismissal of plaintiff’s complaint as against them on the ground that the demand of the plaintiff as set forth in the complaint against these moving-defendants has been adjudicated and determined in a prior action. This instant action is to recover damages for plaintiff’s personal injuries alleged to have been sustained solely through the negligence of the defendants White, Dunham and Arkport Motors, Inc., and as the result of an automobile accident which occurred on November 22, 1958 involving three motor vehicles which came into collision. One vehicle was owned and operated by plaintiff; a second vehicle was owned and operated by defendant White; and the third vehicle, a tractor-trailer, was owned by defendant Arkport Motors, Inc., and operated by defendant Dunham.
At the time of this accident, plaintiff Ordway was accompanied by a passenger in his vehicle, one Harriet Dixon, who sustained personal injuries. She, being then an infant, brought suit by her guardian ad litem against Dunham, Arkport Motors, Inc., and Ordway to recover for her damages. On February 3, 1960, in this Supreme Court of Steuben County, following a jury trial and a verdict in her favor, Harriet Dixon recovered a judgment against all three defendants therein, namely Dun-ham, Arkport Motors, Inc., and Ordway, they being respectively the moving defendants and the plaintiff in this pending action. A judgment was, at the same time and against the same parties defendant, recovered by Clyde Dixon, father of Harriet Dixon, in his individual derivative action as plaintiff on his claim for the medical expenses incurred for his infant daughter. Both of these judgments were paid in full on behalf of the judgment debtors and satisfied of record on February 24, 1960.
It is the contention of the moving- defendants that the jury’s verdict in the prior action finding the plaintiff and the moving-defendants in this action joint tort-feasors conclusively establishes res judicata as a complete defense to this action.
The plea of res judicata is no defense to this pending action as in the prior action this plaintiff and the moving defendants were not adversaries but were codefendants, wherein no duty existed to contest the issue of negligence as between them, no pleading’s existed between them and the decision there settled nothing as to the liability of the codefendants to each other. This rule was laid down by the Court of Appeals of this State in 1931 in the Glaser case, it was reiterated by that court in 1941 in the Daly case and it has been invoked and followed in several *635 decisions of lower courts. (Glaser v. Huette, 232 App. Div. 119, affd. 256 N. Y. 686; Daly v. Terpening, 261 App. Div. 423, affd. 287 N. Y. 611; Friedman v. Salvati, 11 A D 2d 104; Singer v. Banzer, 8 Misc 2d 3; Corey v. Central Taxi, 199 Misc. 403; Boyne v. Samac Motors, 22 Misc 2d 686.)
It is noted that there are several recent decisions of courts of original jurisdiction which have reached the opposite conclusion on almost identical facts. (Moyle v. Cronin, 18 Misc 2d 465; Light v. Quinn, 17 Misc 2d 1083; James v. Saul, 17 Misc 2d 371; Moran v. Lehman, 7 Misc 2d 994; Bennett v. Mitchell, 2 Misc 2d 116.) These decisions were apparently made by regarding dicta in these three following cited cases passed upon by the Court of Appeals as changing the rule of the Glaser case even though that case is not mentioned by the Court of Appeals in either of these three appeals. (Israel v. Wood Dolson Co., 1 N Y 2d 116; United Mut. Fire Ins. Co. v. Saeli, 297 N. Y. 611; Good Health Prods. Corp. v. Emery, 275 N. Y. 14.) The holdings in these last three cited cases seem to me to have no application to the factual situation presented on the instant motion, although each has common questions of res judicata or collateral estoppel.
In the Israel case, it was held that a prior judgment dismissing a complaint in an action for breach of contract against Wood Dolson Co. acted as a collateral estoppel in a later action by the same plaintiff Israel against another party for allegedly having induced a breach of the same contract.
In the United Mut. Fire Ins. Co. case, the defendant in a motor vehicle negligence action was held to be estopped by the record of a judgment rendered in a prior trial, because the second action involved the same parties who were adversaries or their privies on the first trial.
In the Good Health Prods. Corp. case, the factual situation of the parties was much the same as in the United case and the defendants therein were permitted to avail themselves of the plea of res judicata based upon judgments in an earlier trial for the reason that the same parties were adversaries or privies in both actions.
Proponents on this motion urge that the recent holding by the Court of Appeals in the case of Hinchey v. Sellers (7 N Y 2d 287), has changed the doctrine of the Glaser case, although not mentioned therein. I do not so interpret that decision. It seems to me that the case merely holds that an indemnitee (insured) is privy to his indemnitor (insurer) and will be permitted to invoke the doctrine of res judicata and use as a complete defense in an action against him a prior judgment rendered in a suit *636 between, the present plaintiff and the indemnitor which involved the identical vital issue present in the later action.
It has been repeatedly stated in the opinions of the appellate courts and it is elementary that in determining the applicability of the doctrine of res judicata as a defense, the test to be applied is that of identity of issues and that where the issue in the second action differs in any way from that in the earlier action, the plea, of course, is not available. The main issue on this motion is the question of whether or not plaintiff Ordway was guilty of some act or omission which would constitute negligence and which act or omission was a proximate cause of the accident and his resulting personal injuries. It is entirely possible that Ordway did something or failed to do something in connection with a duty which he owed to his passenger Harriet Dixon which was properly considered by the jury in the first action as being causative negligence as regards his passenger and which concurred with the negligence of Dunham and Arkport Motors, Inc., which act or omission could not properly be considered as causative negligence as between the plaintiff and the moving parties defendant in this' pending subsequent action.
If there remains any uncertainty about the rule laid down by the Glaser case, the matter should be clarified only by the appellate courts and not on this original application. For the reasons stated, motion for summary judgment is denied.