Mark A. Costantino, J.
Defendants move to dismiss plaintiff’s complaint upon the ground of res judicata. They base their application upon the fact that in a prior action brought by a passenger in defendant Torello’s auto, wherein the plaintiff in this action and the defendant Torello were codefendants, both this plaintiff and the defendant Torello were held jointly liable to the said passenger upon a finding of negligence against both.
The parties to the instant action 1 ‘ were not adversaries in the former suit[s] but codefendants wherein no duty existed to contest the issue of negligence as between them and no pleadings existed between them, the decisions there settled nothing as to the liability of the codefendants to each other.” (Glaser v. Huette, 232 App. Div. 119, affd. 256 N. Y. 686.) In the Glaser case, wherein the facts, were exactly the same as here, the court refused to allow the defendants to plead res judicata as a defense.
It is true that some courts have regarded the case of Israel v. Wood Dolson Co. (1 N Y 2d 116) on the strength of certain dicta appearing therein, as having changed the above declared doctrine of the Glaser case, “ even though the latter ease is not even mentioned in Israel v. Wood Dolson. (Moran v. Lehman, 7 Misc 2d 994; James v. Saul, 17 Misc 2d 371; Light v. Quinn, *53 17 Misc 2d 1083; Moyle v. Cronin, 18 Misc 2d 465; contra: Boyne v. Samac Motors, 22 Misc 2d 686; Corey v. Central Taxi, 199 Misc. 403; Singer v. Banzer, 8 Misc 2d 3; see ‘ Collateral Estoppel and the Joint Defendant ’— 24 Albany L. Rev. 136-147.) ” (Friedman v. Salvati, 11 A D 2d 104, 106.) The actual holding in the case of Israel v. Wood Dolson Co. was “ that a judgment dismissing a complaint in an action for breach of contract against Wood Dolson acted as a collateral estoppel in an action by the same plaintiff against another party for inducing a breach of the same contract.” (Friedman v. Salvati, supra, pp. 105-106.)
It is the opinion of this court that it is obliged to adhere to the clear holding in the Glaser case for, in the words of the Appellate Division of the First Department, passing upon identical facts as here, [u]ntil Glaser v. Huette has been specifically overturned by the Court of Appeals, the doctrine of that case will be applied to suits like the instant one. That doctrine conforms with the decisions in an overwhelming majority of jurisdictions (cf. Ann. 101 A. L. R. 104; 142 A. L. R. 727, 152 A. L. R. 1066; 50 C. J. S., Judgments, § 819; 30-A Am. Jur., Judgments, § 411; Restatement, Judgments, § 82; 1 Freeman, Judgments [5th ed.], §§ 422, 424.” (Friedman v. Salvati, supra, p. 106.)
Motion denied. Settle order.