FRANKLIN F. ORDWAY, Respondent, v. DELBERT V. WHITE, Defendant, and MURRAY A. DUNHAM et al., Appellants.

HALPERN, J. (concurring in result). The question here presented is whether a judgment in favor of a passenger in an action against the owners and operators of two colliding vehicles, holding that both defendants were negligent, is *res judicata* or, more precisely, whether the judgment gives rise to a collateral estoppel, which bars a subsequent action by one of the defendants against the other for his own personal injuries and property damage.

One Harriet Dixon was a passenger in an automobile owned and operated by the plaintiff-respondent, Ordway, which collided with a tractor-trailer owned by Arkport Motors, Inc., one of the defendants-appellants, and operated by the other defendant-appellant, Dunham. Miss Dixon sued the owners and operators of both vehicles and recovered a judgment against all of them. (According to the present complaint, the Ordway automobile had also collided with an automobile owned and operated by one White, who is an additional defendant in the present action but who was apparently not a party to the passenger's action.) Ordway paid one half of the Dixon judgment and Arkport Motors, Inc., and Dunham paid the other half.

The present action, which had been brought by Ordway against the appellants Arkport Motors, Inc., and Dunham and against White, to recover for his own personal injuries, was pending at the time of the trial of the passenger's action. After the entry of judgment in the passenger's action, the appellants amended their answer, pursuant to leave, to set up the judgment as *res judicata*. They then moved for summary judgment, contending that the judgment in the passenger's action conclusively established that the plaintiff was guilty of negligence in the operation of his automobile and that that negligence constituted contributory negligence barring his recovery in the present action.

The Special Term denied the motion for summary judgment, holding that the finding in the passenger's action that Ordway had been negligent did not bar him from relitigating that issue as against his codefendants (the defendants-appellants in the present action), under the authority of *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686).

I do not believe that the *Glaser* case is any longer controlling, in view of the statutory and decisional changes in the law of this State which have occurred since the decision of that case. The theory of the *Glaser* case was that the codefendants in a passenger's action are adversaries only as to the plaintiff and not as to each other and therefore that, when one of the defendants is subsequently sued by the other, he cannot set up the finding of negligence in the passenger's action as *res judicata*. But, under the present law, particularly sections 211-a and 212 of the Civil Practice Act, codefendants in a negligence action are true adversaries as to each other. Each defendant, under the present practice, seeks not only to be exonerated from liability to the plaintiff, but also to hold in the other defendant or defendants so that, if he should be held liable, he would be able to recover contribution under section 211-a. While section 211-a had been enacted shortly before the trial in the *Glaser* case, its impact upon the practice in actions against two or more tort-feasors had not yet been

fully demonstrated. Furthermore, at the time of the decision of the *Glaser* case, a defendant had the right to withdraw from the trial at the close of the plaintiff's case and, if he did so, the evidence subsequently introduced by a codefendant could not be used against him (*Bopp* v. *New York Elec. Vehicle Transp. Co.*, 177 N. Y. 33; *Ward* v. *Iroquois Gas Corp.*, 258 N. Y. 124). This was changed by the amendment of section 211 of the Civil Practice Act by chapter 527 of the Laws of 1937, which added the provision that judgment may be given " against such one or more defendants as may be found to be liable upon all of the evidence, without regard to the party by whom it has been introduced " (see Fourth Annual Report of N. Y. Judicial Council, 1938, p. 20). This provision was later transferred to subdivision 2 of section 212 of the Civil Practic Act by chapter 147 of the Laws of 1949 (see Fifteenth Annual Report of N. Y. Judicial Council, 1949, p. 217). The amendment, taken together with section 211-a, made the codefendants true adversaries as to each other. This is universally recognized in the trial practice, with respect to challenges in the selection of the jury, cross-examination of witnesses and all the other incidents of the trial.

If there is a joint judgment against two defendants and one of them pays the judgment in full, without appealing, and the other defendant appeals from the judgment, the defendant who paid the judgment is entitled to be substituted as the respondent upon appeal in the place of the plaintiff, in order to protect his right to contribution from the appealing defendant (*Epstein* v. *National Transp. Co.*, 287 N. Y. 456). This holding clearly demonstrates the adversary character of the position of the codefendants as to each other, under the present practice.

For the purpose of contribution under section 211-a, each of the defendants is deemed under the statute to have interposed a cross claim against the other, seeking contribution. Upon the trial, the defendants are obviously adversaries with respect to the statutory cross claims. If there is a finding upon the trial that both defendants were negligent, this finding will sustain their respective claims to contribution. It will also be *res judicata* as to the issue of negligence with respect to any other claims between them. Thus, in *Employers' Liab. Assur. Corp.* v. *Post & McCord* (286 N. Y. 254) it was held that the finding upon the trial of the injured person's action that both defendants were guilty of active negligence barred one of them from later seeking to recover indemnity (as distinguished from contribution) from the other.

Upon the basis of the statutory enactments and the decisions cited above, subsequent to the *Glaser* case, it must be concluded that, under the present law, the codefendants in a passenger's action are adversaries as to each other. It then follows as a matter of course that the principles of *res judicata* are applicable in full force to any claims subsequently made by one against the other. Under the long-established principles of *res judicata,* the finding of negligence in the passenger's action may then be used, offensively or defensively, by either of the former codefendants against the other in any subsequent action between them with respect to a claim growing out of the same accident. (For a similar view in other States, see *Vaughn's Admr.* v. *Louisville & N. R. Co.*, 297 Ky. 309; *Lumberton Coach Co.* v. *Stone,* 235 N. C. 619; *Pack* v. *McCoy,* 251 N. C. 590; cf. *American Motorists Ins. Co.* v. *Vigen,* 213 Minn. 120; *Simodejka* v. *Williams,* 360 Pa. 332, and the analysis of the case in *Kimmel* v. *Yankee Lines,* 224 F. 2d 644, 646.) (See also Weinstein, Revision of Procedure, 9 Buffalo L. Rev. 433, 448–454; Developments in the Law — Res Judicata, 65 Harv. L. Rev., 818, 860–861; 34 N. Y. U. L. Rev. 1588–1589; 35 N. Y. U. L. Rev. 1585, but see Collateral Estoppel and the Joint Defendant, 24 Albany L. Rev. 136.)

Apart from the statutory changes and the judicial decisions construing them which are discussed above, establishing that codefendants are adversaries as to each other, the authority of the *Glaser* case has been undermined, if not wholly

destroyed, by a fundamental change in judicial philosophy with respect to *res judicata*, in the three decades which have elapsed since the decision of that case. It is noteworthy that the *Glaser* case was not referred to in any of the later decisions of the Court of Appeals, cited below, dealing with *res judicata* and collateral estoppel generally. The requirement of mutuality of estoppel has been virtually abandoned by these cases, and the right of persons who were not adversaries in the original litigation to use collateral estoppel defensively has been recognized in a variety of situations. The development of the modern doctrine may be traced in *Liberty Mut. Ins. Co.* v. *Colon & Co.*, 260 N. Y. 305); *Good Health Dairy Prods. Corp.* v. *Emery* (275 N. Y. 14); *United Mut. Fire Ins. Co.* v. *Saeli* (272 App. Div. 951, affd. 297 N. Y. 611); *Cohen* v. *Dana* (275 App. Div. 723, affd. 300 N. Y. 608); *Israel* v. *Wood Dolson Co.* (1 N Y 2d 116); and *Hinchey* v. *Sellers* (7 N Y 2d 287). A parallel development has taken place in other jurisdictions (e.g., *Bernhard* v. *Bank of America Nat. Trust & Sav. Assn.*, 19 Cal. 2d 807; *Coca Cola Co.* v. *Pepsi Cola*, 36 Del. 124.) (See, generally, Polasky, Collateral Estoppel — Effect of Prior Litigation, 39 Iowa L. Rev. 242; Currie, Mutuality of Collateral Estoppel, 9 Stanford L. Rev. 281; Res Judicata, 42 Cornell L. Q. 290; Weinstein, Revision of Procedure, 9 Buffalo L. Rev. 433, 448–454.)

Under the modern doctrine, the right to invoke the defense of *res judicata* is not limited to persons who were adversaries in the prior litigation, as it was under the view which prevailed at the time of the *Glaser* decision. Within limits set by considerations of fairness, the adjudication may be used defensively by other persons against whom the party bound by the prior adjudication seeks to assert a claim which is inconsistent with the adjudication. " [T]he fact that a party has not had his day in court on an issue *as against a particular litigant* is not decisive in determining whether the defense of *res judicata* is applicable " (*Israel* v. *Wood Dolson Co.*, 1 N Y 2d 116, 119, *supra* [italics in the original]). The same thought has been expressed by the Supreme Court of California: " There is no compelling reason \* \* \* for requiring that the party asserting the plea of res judicata must have been a party, or in privity with the party, to the earlier litigation \* \* \* [I]t would be unjust to permit one who has had his day in court to reopen identical issues by merely switching adversaries " (*Bernhard* v. *Bank of America Nat. Trust & Sav. Assn.*, 19 Cal. 2d 807, 812–813, *supra*).

The development of the New York law was recently summarized by the Court of Appeals of the Second Circuit, as follows: " Whatever doubts may have survived the decision of the Court of Appeals of New York in Good Health Dairy Products Corp. of Rochester v. Emery, 275 N. Y. 14, \* \* \* have now been definitively laid in Israel v. Wood Dolson Co., 1 N. Y. 2d 116 \* \* \*. The old doctrine no longer obtains that estoppels must be mutual except in those situations that had formerly been specified. Just what remains of the necessity for mutuality it is hard to say, but the Court of Appeals appears to have held that, when a party has been defeated in a claim because one of its elements was decided against him, he must accept as conclusive the decision as to that element, when it arises as a constituent of a claim against another obligor." (*Civoru* v. *National Broadcasting Co.*, 261 F. 2d 716, 718.) See, also, *Gart* v. *Cole*, 263 F. 2d 244, 249, cert. denied 359 U. S. 978.)

Under the view now prevailing in New York State, the only absolute requirement, at least for the defensive use of *res judicata*, is the identity of issues. " [I]n determining the applicability of the doctrine of *res judicata* as a defense, the test to be applied is that of 'identity of issues' " (*Israel* v. *Wood Dolson Co.*, 1 N Y 2d 116, 120, *supra*). Apart from the requirement of "identity of issues", the only question, where an estoppel is sought to be asserted as a

defense by one who was not an adversary in the prior action, is whether it is fair and just to allow him to assert 'the estoppel, that is, whether the party against whom the estoppel is sought to be asserted had had a full and fair opportunity to try out the issue and whether the allowing of the defense would serve the basic policy underlying the rule of *res judicata.*

It is thus clear that, under the modern view, even if the codefendants against whom a joint judgment was recovered in a passenger's action are held not to have been adversaries as to each other, the defense of *res judicata* may nevertheless be interposed to bar a subsequent action by one of the defendants against the other upon a claim growing out of the same accident. The application of *res judicata* in that situation is certainly fair and just. Each defendant was a full participant upon the trial of the passenger's action. Each defendant had a full opportunity to present his version of the accident and to try to exculpate himself and to shift the blame, in whole or in part, to the other defendant. Each defendant assumed the same risk that an adverse finding on the issue of his negligence would bar him from subsequently asserting his own claim for personal injury or property damage against his codefendant. If either of the defendants had wished to have all the details of his own claim concurrently considered by the jury, he could have availed himself of his right to interpose a cross claim against his codefendant (Civ. Prac. Act, § 264; see, also, Civ. Prac. Act, § 474; *Deneau* v. *Beatty,* 195 Misc. 649). It is certainly within the limits of fairness to hold that *res judicata* may be invoked against the subsequent assertion of a claim against a former codefendant which could easily have been interposed as a cross claim in the original action. There is no unfairness in holding that a defendant may not, by refraining from interposing a cross claim against his codefendant, reserve for himself a second chance to try out the issues adjudicated in the first action.

If the defendant's claim had been interposed as a cross claim in the passenger's action, the verdict with respect to that claim would, of course, have had to be consistent with the verdict with respect to the passenger's claim. The same result should be brought about by the application of the principle of *res judicata* when a separate action is brought on the defendant's claim against a former codefendant, after the entry of judgment in the passenger's action.

The application of the doctrine of *res judicata* in this situation serves the public interest in a variety of ways: (1) It serves the basic policy of *res judicata,* "that there be an end to litigation" (*Israel* v. *Wood Dolson Co.,* 1 N Y 2d 116, 120, *supra*). (2) It avoids the risk of inconsistent decisions with respect to the same set of facts which, while sometimes unavoidable, should be kept to a minimum in any orderly judicial system. (3) It encourages the interposition of cross claims and counterclaims and the consolidation or joint trial of all actions based upon claims growing out of the same accident, thus helping to conserve the time and energy of the courts and to relieve congestion. (4) It encourages the full disclosure and presentation of all the available evidence upon the first trial and it discourages the holding back of evidence in the hope of prevailing in a later action by reason of surprise. This is all in the interest of the sound administration of justice. The application of *res judicata* also serves the private interests of the litigants in relieving them of the vexation and risk of relitigating issues once tried and decided.

Various *ad hominem* arguments have been advanced in support of *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686, *supra*). It is argued that the verdict in the passenger's action finding both defendants negligent may have been reached by the jury out of sympathy for the injured passenger, and that the verdict might have been different if the jury had known that one of the defendants also had a claim for serious injuries which would be barred by a

verdict against both defendants. This risk may readily be avoided by the interposition of a cross claim in the passenger's action or by a joint trial of the defendant's action with that of the passenger, so that the jury would have before it all of the claims growing out of the accident. Emphasis is also placed upon the fact that the control of the defense in the passenger's action may be in the hands of counsel chosen by the defendant's insurance company, while the defendant may wish to have counsel of his own choosing present his claim. This problem may also readily be solved by a joint trial, with a division of labor in accordance with the common practice between the personal counsel of the defendant and the counsel designated by the insurance company. It should be noted that the same problem arises in a two-party case where one owner-driver sues another, with respect to the defendant's claim against the plaintiff. If the defendant chooses not to interpose his claim as a counterclaim, it is the settled law that his claim will nevertheless be barred under the principle of *res judicata* if the determination of the action defended by the insurance company's counsel is adverse to him. Finally, it should be borne in mind that, even though *res judicata* is held to be generally applicable to claims between codefendants, account may be taken of special circumstances and "The doctrine of collateral estoppel need not be applied with mechanical rigidity" in every case (Weinstein, 9 Buffalo L. Rev., p. 452). If it is demonstrated that, because of peculiar circumstances in a particular case, the defendant did not have a full and fair opportunity to present his version of the accident upon the trial of the passenger's action, it may well be held that the adjudication in that action should not bar relitigation of the issue in his subsequent action upon his own claim. But, if the defendant had a full and fair opportunity to try out the issue, the principle of *res judicata* should bar relitigation.

I therefore conclude that the defendants-appellants in this case have the right to invoke the doctrine of *res judicata* or collateral estoppel with respect to any issues in the present action which are identical with those which were decided in the passenger's action.

There remains, however, the question of whether it has been sufficiently demonstrated in this case that the issues in the two actions are identical. Identity of issues is the heart of *res judicata* or collateral estoppel. As has been noted above, three cars were involved in the accident in this case and there were two separate collisions. In that situation, the issue of contributory negligence of the plaintiff in the present action is not necessarily identical with the issue of his negligence as a defendant in the passenger's action. The question of identity of issues cannot be determined without an examination of the whole record in the prior action, including the pleadings, the transcript of the testimony and the Judge's charge (cf. *Ripley* v. *Storer*, 309 N. Y. 506, 519). If, upon an examination of the record, it is found that the issues of fact were identical, the present action will be barred and the plaintiff's complaint will have to be dismissed. (*Hinchey* v. *Sellers*, 7 N Y 2d 287.) But no determination of that question can be made upon the meager record which was presented upon the defendants' motion for summary judgment, consisting only of a copy of the Clerk's minutes and the judgment entered in the prior action. The motion for summary judgment was therefore properly denied.

Solely upon that ground, I concur in the decision of this court affirming the order of the Special Term.

Memorandum by WILLIAMS, P. J.: I agree with Justice HALPERN that the case of *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686) is no longer controlling. Therefore, I concur in the result only because of the procedural difficulties mentioned in Justice HALPERN's opinion. In my opinion, when the case

is properly and fully presented, the doctrine of *res judicata* will apply in favor of appellants-defendants.

All concur, Williams, P. J., and Halpern, J., in result, Williams, P. J., in a memorandum, and Halpern, J., in a separate opinion. Present — Williams, P. J., Bastow, Halpern, McClusky and Henry, JJ. [25 Misc 2d 633.]

Order affirmed upon the opinion at Special Term, with $25 costs and disbursements.