**Marjorie B. O'CONNELL, as Administratrix of the Goods, Chattels and Credits which were of Barry F. O'Connell, Deceased, Plaintiff,**

v.

**Ralph B. WILLIAMS, Executor of the Last Will and Testament of Albert C. Williams, Deceased, Defendant.**

**Ralph B. WILLIAMS, Executor of the Last Will and Testament of Albert C. Williams, Deceased, Plaintiff,**

v.

**Marjorie B. O'CONNELL, Administratrix of the Goods, Chattels and Credits which were of Barry F. O'Connell, Deceased, Defendant.**

**Nos. 64 Civ. 3073, 64 Civ. 3014.**

United States District Court
S. D. New York.

June 13, 1967.

Speiser, Shumate, Geoghan & Krause, New York City, for plaintiff Marjorie B. O'Connell, administratrix.

McAloon, Hirschberg, Malang & Friedman, New York City, for defendant Ralph B. Williams, executor.

Casey, Lane & Mittendorf, New York City, for plaintiff Ralph B. Williams, executor.

Bower, O'Connor & Taylor, New York City, for defendant Marjorie B. O'Connell, administratrix.

MOTLEY, District Judge.

*Memorandum and Order*

These two law suits arose out of an automobile accident between the two parties (representatives of the drivers' estates) on March 14, 1964. In the two car collision, both drivers were killed and a number of passengers in the Williams' car were killed and some severely injured. Several actions arose out of the aforesaid collision, namely, one in the Supreme Court of the State of New York, County of New York, entitled Kellner v. O'Connell and Williams, and another action in the Supreme Court of the State of New York, Jefferson County, entitled Quick v. O'Connell and Williams on behalf of one of the deceased passengers in the Williams' car. In addition, there were several other actions in New York County.

The *Kellner* action, seeking recovery for personal injuries, was brought against both the plaintiff and the defendant herein. The action came to trial before Mr. Justice Joseph A. Gavigan on or about October 4, 1966 and at the conclusion of the trial, on the 18th day of October, 1966, the court found judgment in favor of George A. Kellner, a plaintiff-passenger of the Williams' car against both O'Connell and Williams, the parties herein. A judgment was duly entered and filed in the Office of the Clerk of the County of New York on November 7, 1966. This judgment was based upon the negligence of both the plaintiff and defendant in these actions as against the plaintiff in that action.

The O'Connell v. Williams action was commenced in the Supreme Court of the State of New York, County of Dutchess, with the service of a summons in June, 1964, and complaint on or about the 12th day of September, 1964. The action was removed to this Court in September, 1964, on the ground of diversity of citizenship of the parties. The complaint alleges in substance that while plaintiff's intestate was operating his automobile on March 14, 1964 it was caused to be collided with the automobile driven by defendant's intestate. It is further alleged that plaintiff's intestate was caused to suffer injuries leading to his death as a result of the alleged negligence of defendant's intestate. The answer denies the material allegations of the complaint and sets forth as an affirmative defense the contributory negligence of plaintiff's intestate.

The Williams v. O'Connell action was commenced in this Court on or about October 2, 1964. The complaint alleges in substance that defendant's intestate negligently drove a motor vehicle against one owned and being driven by plaintiff's decedent on March 14, 1964. The complaint alleges that the accident was due solely to defendant's negligence and that it was not caused or contributed to in any manner by any negligence of plaintiff. It is further alleged that the accident caused the instantaneous death of plaintiff's decedent.

Defendant in each action seeks to apply the doctrines of res judicata and collateral estoppel to the plaintiff therein. The defendants each desire to use the judgment in the *Kellner* action as a binding, final determination on the issue of liability in their respective law suits and want to use it as a collateral estoppel preventing recovery by the plaintiff in each action. Defendant in each action, plaintiff in the other, argues that the issue of negligence as between O'Connell and Williams was litigated in the *Kellner* action. Plaintiff in each action, defendant in the other, denies that the issue of negligence of the co-defendants vis-á-vis each other was litigated in the *Kellner* action. Neither defendant in the actions has seen fit to support its position with more than a copy of the judgment in the *Kellner* action. Either defendant could have supplied the court with a copy of the pleadings and transcript in the *Kellner* action, but each has failed to do so.

Defendant in each action cites Cummings v. Dresher, 18 N.Y.2d 105, 271 N.Y.S.2d 976, 218 N.E.2d 688 (1966), for the proposition that collateral estoppel of the judgment in the *Kellner* action should apply to the suits herein. In Cummings v. Dresher, supra, the Court of Appeals said that a federal court judgment in an action by the driver of the first car and his passenger against the driver of the second car and the owner thereof, finding in favor of the passenger against the defendants for negligence but barring plaintiff driver's recovery because of his contributory negligence was res judicata to an action by the driver of the second car and the owner thereof against the driver of the first car and its corporate owner. The Court of Appeals found an identity of parties and issues in the two suits.

The facts in *Cummings*, however, are quite different from those found here. Here, the first cause of action was by a passenger in one of the cars against both drivers. Both drivers were codefendants who were found jointly and severally liable to the plaintiff-passenger. In the instant actions, there are found suits by one driver against the other in which the defendant in both cases is attempting to use the judgment in the first action to collaterally estop the plaintiff on the grounds that the first action's judgment is a final, binding determination as to plaintiff's contributory negligence. This Court does not find an identity between the instant problem and the facts in Cummings v. Dresher, supra.

Rather, this Court finds an exact parallel between the instant matters and the rule of Glaser v. Huette, 232 App.Div. 119, 249 N.Y.S. 374 (1st Dept.1931), aff'd without opinion, 256 N.Y. 686, 177 N.E. 193 (1931). In *Glaser*, the first suit was by a passenger in one vehicle against the drivers of both vehicles involved in collision wherein plaintiff recovered a judgment against both defendants. The second action was by one driver against the other. The court held that in the second action, the plea of res judicata was not available to the defendant. The Court of Appeals, at 686, affirming the lower court simply said, "The Appellate Division held that since the parties to this action were not adversaries in a former suit, but co-defendants with whom no duty existed to contest the issue involved in this action, the decision there settled nothing as to the liability of the co-defendants to each other." The Appellate Division found no duty to contest the issue of negligence as between the co-defendants and no pleadings existing between them. Several later decisions have followed the *Glaser* rule. Minkoff v. Brenner, 13 A.D. 2d 838 (2d Dept.1961), aff'd, 10 N.Y.2d 1030, 225 N.Y.S.2d 47, 180 N.E.2d 434 (1962); Ordway v. White, 14 A.D.2d 498, 217 N.Y.S.2d 334 (4th Dept.1961); Friedman v. Salvati, 11 A.D.2d 104, 201 N.Y.S.2d 709 (1st Dept.1960); Grande v. Torello, 12 A.D.2d 937, 210 N.Y.S.2d 562 (2d Dept.1961). In the last two cases above cited, the courts said that they would continue to apply the rule in similar cases until *Glaser*, supra, was specifically overruled.

The defendant in each of the actions now before the court claims that the doctrine of Cummings v. Dresher, supra, overrules the earlier *Glaser,* supra, rule. This Court does not find this to be the case, nor do the courts of New York. In Terwilliger v. Terwilliger, 52 Misc.2d 404, 276 N.Y.S.2d 8 (S.Ct. Tomkins Cty. 1966), the court distinguished the type of cases presently before this Court from *Cummings* on the grounds of the lack of identity of the causes for application of res judicata prescribed by Schuylkill Fuel Corp. v. B. & C. Nieberg Realty Corp., 250 N.Y. 304, 307, 165 N.E. 456 (1929), without citing *Glaser,* supra. More recently, the Court of Appeals, in a footnote to B. R. DeWitt, Inc. v. Hall, 19 N.Y.2d 141, 147, 278 N.Y.S.2d 596, 601, 225 N.E.2d 195, 198 (1967), stated the rule of *Glaser,* supra, saying: "In both cases, the parties to the second suit had been codefendants in an earlier negligence action. In both it was held that the judgment in the first action was no bar to the second action because the parties to the second action did not actually litigate the question of negligence, *inter se,* and the prior judgment did not necessarily resolve the issue among them. Thus *Glaser* and *Minkoff* are clearly distinguishable on the ground that here the relevant issue of Farnum's and Hall's negligence was actually litigated and decided. Therefore, whether *Glaser* and *Minkoff* should be followed is not before us (see Ordway v. White, 14 A.D.2d 498, 217 N.Y.S.2d 334; and Friedman v. Salvati, 11 A.D. 2d 104, 201 N.Y.S.2d 709)." Thus it is clear that the Court of Appeals did not consider that it had earlier overruled *Glaser,* supra, in B. R. DeWitt, Inc. v. Hall, supra, which came after the decision in Cummings v. Dresher, supra.

For the above stated reasons, this Court concludes that the *Glaser* rule is still the law in the State of New York and that the rule should be followed until it is specifically overruled by the Court of Appeals. Since neither defendant has offered proof that the issue of negligence between the co-defendants was litigated, *inter se,* in the *Kellner,* supra, action, this Court finds the instant matters squarely within the rule of *Glaser,* supra. That rule clearly prohibits use of the judgment in the *Kellner,* supra, action, as a final, binding determination to collaterally estop the plaintiffs in the instant actions. Defendant's motions in the *Williams* and *O'Connell* actions must be denied.