■ ANGELA M. BARTOLONE, Respondent, v. NIAGARA CAR AND TRUCK RENTALS, INC., et al., Appellants.— In a negligence action to recover damages for personal injuries, defendants appeal from an order of the Supreme Court, Orange County, dated December 22, 1966, which denied their motion for leave to serve a supplemental and amended answer pleading the defenses of *res judicata* and estoppel. Order affirmed, without costs. Plaintiff was the owner and operator of a motor vehicle which was involved in a collision with a motor vehicle owned by the corporate defendant and operated by defendant Zak. Two passengers in plaintiff's automobile and the respective husbands of said passengers instituted negligence actions against the owners and operators of both vehicles. Those actions resulted in judgments in favor of the plaintiffs therein against all the defendants therein and the judgments were affirmed

on April 3, 1967 (*Di Salvo* v. *Bartolone*, 27 A D 2d 932). At about the time that those actions were instituted, plaintiff herein instituted the instant action against the owner and operator of the other vehicle. While the appeals from the judgments in favor of the passengers and their husbands were pending, defendants herein made the motion which resulted in the order under review. Said defendants argue that, since the issues of negligence and contributory negligence were determined in the other actions, they should be allowed to plead the defenses of *res judicata* and estoppel and that no practical reason exists for allowing plaintiff to relitigate the issues of negligence and contributory negligence. The doctrine of *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686) is presently the law of New York and we apply it to this case (see, *Friedman* v. *Salvati*, 11 A D 2d 104; *Grande* v. *Torello*, 12 A D 2d 937; *Matter of Wever* (*MVAIC*), 29 A D 2d 847; cf. *Ordway* v. *White*, 14 A D 2d 498; *B. R. DeWitt, Inc.* v. *Hall*, 19 N Y 2d 141). Christ, Acting P. J., Rabin, Hopkins, Munder and Martuscello, JJ., concur.