Bernard DRESHER, Plaintiff-Appellant,

v.

Martin T. CUMMINGS, 2850 River Road, Schenectady, New York, and Mary E. Cummings, 2850 River Road, Schenectady, New York, Defendants-Appellees.

No. 139, Docket 27762.

United States Court of Appeals Second Circuit.

Argued Nov. 6, 1963.

Decided Nov. 22, 1963.

Jerry, Lewis & Harvey, Plattsburgh, N. Y., for plaintiff-appellant.

Brown & Gallagher, Albany, N. Y., for defendants.

Before WATERMAN, MOORE and SMITH, Circuit Judges.

PER CURIAM.

Plaintiff and a passenger were injured when the automobile which plaintiff was driving collided with an automobile being operated by defendant, Mary E. Cummings. The jury found the defendant operator "guilty of negligence" and plaintiff "guilty of contributory negligence to a very minor degree." The jury awarded damages to the passenger. A verdict of "no cause of action" was returned in plaintiff's action. No objection was taken to the court's charge and no error therein is claimed on appeal. The sole error argued is that the credible evidence established that the accident was not the result of any negligence on plaintiff's part.

Plaintiff who sustained serious injuries is the victim of the principle of New York law that contributory negligence bars recovery. Unfortunately for him, there is no doctrine of comparative negligence. It undoubtedly seems unjust to him that his negligence "to a very minor degree" should deprive him of any recovery but this is the law. An appellate court cannot reappraise the evidence and change the "very minor" contributory negligence to no negligence at all unless there be no evidence at all. A reading of the record discloses adequate evidence from which the jury could infer some contributory negligence. With all the facts before them and with the opportunity to see and hear the witnesses, the jury concluded that there was contributory negligence. Upon the record, this court cannot find their verdict to have been contrary to the weight of the credible evidence.

Affirmed.