Robert G. Main, J.
On or about September 5, 1960, Bernard Dresher, one of the defendants in the present action, was operating a motor vehicle owned by the Standard Electric Co., on U. S. Eoute 9, near Schroon Lake, New York. Biding with Bernard Dresher was Henry Dresher, a passenger. There was a collision between the car driven by Mr. Dresher and a car owned by plaintiff, Martin Cummings, and being driven by plaintiff, Mary Cummings. Following the accident and in the month of June, 1961, Bernard Dresher and Henry Dresher commenced separate actions for personal injuries in the United States District Court for the Northern District of New York, against Mr. and Mrs. Cummings, the plaintiffs in the present action. Neither Mr. nor Mrs. Cummings interposed counterclaims in the United States court actions, but they appeared and defended them. These actions were tried before the United States District Court at Albany, New York, in December, 1961. The two actions were tried together, but apparently were not consolidated.
In the action brought by passenger Henry Dresher, the jury rendered a verdict of $12,000 against both Mr. and Mrs. Cummings.
In the action by driver Bernard Dresher, the verdict was no cause of action, in the following form: “ In the case of Bernard Dresher versus Martin T. and Mary E. Cummings, we find the defendant guilty of negligence and the plaintiff (Bernard Dresher) guilty of negligence to a very minor degree ”. The latter verdict was affirmed upon appeal and it seems that the judgment in favor of Henry Dresher was not appealed.
The present action for personal injuries was commenced in Supreme Court, New York State, by Mr. and Mrs. Cummings, in September, 1961, against Bernard Dresher, the driver of, and the Standard Electric Co., Inc., the owner of, the vehicle with which the Cummings ’ car collided. The defendants in the present action have interposed an answer, setting up the defense of res judicata and collateral estoppel.
Defendants have now made this motion pursuant to CPLB 3212, contending that the judgments in the Federal actions are a complete bar to the present action and that there is, therefore, no triable issue.
This motion presents a situation which is perhaps not precisely the same as any to be found in the reported decisions and which is undoubtedly close to a case in which the rule of res judicata should be applied.
The first question to be considered is this: Does the fact that the jury in Federal court rendered a judgment in favor of the *558 passenger, Henry Dresher, against Mr. and Mrs. Cummings, conclusively established that Mrs. Cummings was negligent with respect to Bernard Dresher, the driver of, and the Standard Electric Co., Inc., the owner of, the car in which Henry Dresher was riding? The rule seems to be that one may be guilty of negligence which is a proximate cause of injuries to a passenger in a motor vehicle accident and that the same negligence is not necessarily the proximate cause of injuries to the driver of the other vehicle. (Daly v. Terpening, 261 App. Div. 423.)
In the decision in the Terpening ease (p. 426-427) the court said: “ Then we have the situation which arises on account of the differences between a driver and a passenger in an automobile which comes to accident. The positions of the driver and the passenger in the automobile are different and quite often passenger and driver differ not only in knowledge of the operation of the car and in comprehension of the dangers of the road and in appreciation of the conduct of other drivers in their then traffic. For instance, in the accident involved in this litigation, Mrs. Daly may have given some signal or engaged some other action that would have advised the driver of the other car of the manner in which she intended to operate her car, and in so far as that driver is concerned the conduct of Mrs. Daly would not necessarily be negligence or, if negligence, a cause of the accident, and yet such conduct or action unknown or unappreciated by the passenger would result in a situation in which the operation of the car by Mrs. Daly would be causative negligence in so far as the passenger, Mrs. Terpening, was concerned ”.
We conclude, therefore, that the Federal court judgment, in favor of Henry Dresher against Mr. and Mrs. Cummings, does not bar the present action.
Does the verdict of the jury in the United States court in the case of Bernard Dresher against Mr. and Mrs. Cummings constitute res judicata so as to bar the present action? Obviously, if there had been a simple verdict of “no cause of action”, there would be no barrier, for such a verdict could be predicated on the negligence of Bernard Dresher, or upon the lack of negligence on the part of Mrs. Cummings. The jury did express its opinion to the effect that both Mr. Bernard Dresher and Mrs. Cummings were negligent, but this statement would seem to be simply volunteered information, not necessary to the verdict and judgment. There is nothing in the record now before the court on this motion to indicate that the jury was instructed or requested to make any separate findings as to the negligence of the respective parties. The statement of the jury that each *559 party was negligent could well be considered to have been merely gratuitous. (Pupora v. Coney Is. Dairy Prods. Corp., 262 App. Div. 908.)
In view of the foregoing, defendants’ motion for summary judgment is denied.