■ MARY CUMMINGS et al., Respondents, v. BERNARD DRESHER et al., Appellants.— AULISI, J. Appeal from an order of the Supreme Court at Special Term, Clinton County, which denied defendants' motion for summary judgment for a dismissal of the second and third causes of action alleged in plaintiffs' complaint. The defendants urge that there is no merit to said causes of action because of prior adjudication and the rule of collateral estoppel. On September 5, 1960, a collision occurred between two automobiles one owned by Martin Cummings and operated by his wife Mary Cummings, and

the other owned by Standard Electric Co., Inc., and driven by Bernard Dresher. Thereafter, separate actions were commenced by Bernard Dresher and Henry Dresher, a passenger in the Standard car, against Martin and Mary Cummings in the United States District Court for the Northern District of New York, for personal injuries sustained by each of them as a result of said collision. These actions tried together but not consolidated resulted in a verdict in favor of Henry Dresher against the Cummings and of no cause of action for Bernard Dresher. In reporting the verdict in the Bernard Dresher action, the foreman of the jury stated: "In the case of Bernard Dresher versus Martin T. and Mary E. Cummings, we find the defendant guilty of negligence and the plaintiff guilty of contributory negligence to a very minor degree." The judgment entered on the verdict in the latter action was affirmed by the United States Court of Appeals for the Second Circuit (*Dresher* v. *Cummings,* 325 F. 2d 156). In this present action Mary Cummings asks damages for personal injuries, Martin Cummings seeks to recover for loss of his wife's services, property damage and his personal injuries. The defendant Standard has asserted a counterclaim for property damage to its automobile. In our view there is no *res judicata* as such in this case since that rule is restricted to cases between the same parties and on the same cause of action (see *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304). Nor does the fact that the previous actions were jointly tried give rise to the defense of collateral estoppel. The prior successful action by the passenger, Henry Dresher, cannot be used by the defendants here as a defense. The factors which are required for a successive action by a passenger in one car against the driver of another are not the same as those required by the driver of his car (see *Daly* v. *Terpening,* 261 App. Div. 423, 426–427, affd. 287 N. Y. 611). Therefore, the finding of negligence by the jury on the part of Mary Cummings in Henry's action cannot be asserted in this action by Bernard (Restatement, Judgments, §§ 96, 97; 7 Carmody-Wait, New York Practice, pp. 490–503). The only finding of the jury necessary to render a verdict in favor of the defendants Cummings in the Federal District Court action was that Bernard Dresher was contributorily negligent. The gratuitous finding of the jury that Mrs. Cummings was also negligent cannot be of value to the defendants in this case (*Purpora* v. *Coney Is. Dairy Prods. Corp.,* 262 App. Div. 908). The cases relied upon by the appellants here are not in point. In *United Mut. Fire Ins. Co.* v. *Saeli* (272 App. Div. 951, affd. 297 N. Y. 611), the plaintiffs in the second action were the owner and insurer of the car driven by the successful plaintiff in one of the prior actions. The plaintiffs in the second action, whose rights or liability were derivative, could use the essential findings of the first actions as collateral estoppel (see *Good Health Dairy Prods. Corp.* v. *Emery,* 275 N. Y. 14, 17). Order affirmed, with $10 costs. Herlihy, J. P., Reynolds and Hamm, JJ., concur. [43 Misc 2d 556.]