DARLENE TERWILLIGER, an Infant, by Her Guardian ad Litem, SALLY ROBINSON, Plaintiff, *v.* EUGENE TERWILLIGER, Defendant.

Supreme Court, Special Term, Tompkins County, December 30, 1966.

*Sugarman, Wallace & Manheim* for defendant.   *Betty D. Friedlander* for plaintiff.

HOWARD A. ZELLER, J.   Defendant moves to dismiss the cause of action alleged in the complaint in this action on the ground that it may not be maintained because of *res judicata*.   (CPLR 3211, subd. [a], par. 5.)

Plaintiff, Darlene Terwilliger, an infant, was 17 years of age on November 1, 1964.   She was legally adopted in 1952 by Eugene Terwilliger who is the defendant in this action. (Defendant has previously moved to dismiss this action on the ground that an unemancipated child may not sue her parent for ordinary negligence.   That motion was denied for reasons not pertinent here.)

During the evening of October 31, 1964, Darlene had been riding in an auto owned and driven by Charles House, a friend. They were accompanied by Terry Ellen Kriner and John Oltz.

Darlene claims that about 12:30 o'clock on the morning of November 1, Mr. Terwilliger in his auto followed the House auto for six miles at a high rate of speed, that House stopped his auto and he and Oltz got out to talk to Mr. Terwilliger, that Darlene (who had a learner's permit but no operator's license) slid behind the wheel of the House auto and drove off intending to seek police aid.   Darlene further alleges that Mr. Terwilliger took off in pursuit, chasing her at high speeds and in attempting to pass the auto she was driving forced it into an embankment. Miss Kriner was killed and Darlene was injured.

An action was brought by the estate of Terry Ellen Kriner against Darlene and Mr. Terwilliger.   A jury trial was held in October, 1966, at which Darlene was represented by attorneys

engaged by MVAIC. At its conclusion, the foreman of the jury reported " We find the defendant, Darlene Terwilliger, and the defendant, Eugene Terwilliger, both negligent ", and awarded the estate the sum of $20,000 damages against both defendants.

Defendant Eugene Terwilliger urges that the jury's finding of Darlene's negligence in the Kriner action (as expressed by its foreman and implicit in its verdict) is an adjudication to be applied in this action by Darlene against Mr. Terwilliger that Darlene was negligent in a contributory way and hence it may not be maintained. My opinion is contrary.

The issue of negligence between the Kriner estate and Darlene involved different factors than that between Darlene and Mr. Terwilliger. The duty of care owed by Darlene to her passenger could have been breached by Darlene's omissions, such as failure to warn Miss Kriner of her intention to drive off or of permitting the passenger to remain in the auto as the chase commenced. Darlene claims a series of differences with Mr. Terwilliger and that she feared him. If proven, such might exculpate her conduct on the night of the accident insofar as this action is concerned. Under these unique circumstances the breach of duty to Miss Kriner should not be held inconsistent with a possible finding of fact in this action that Darlene was free from contributory negligence.

One test of *res judicata* is that the two actions — the adjudicated Kriner case and this one — must " have such a measure of identity that a different judgment in the second would destroy or impair rights or interests established by the first ". (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307.) Such a result could not occur if Darlene were to recover in this action.

On this motion defendant relies on *Cummings* v. *Dresher* (18 N Y 2d 105) and claims the facts here present stronger reasons for a dismissal because of *res judicata* than the facts in the *Cummings* case.

In *Cummings*, there had been a collision between an auto owned by Martin Cummings and driven by his wife, Mary, and an auto driven by Bernard Dresher in which Henry Dresher was a passenger. Driver Dresher and passenger Dresher brought a negligence action against driver Cummings and owner Cummings in United States District Court. After a jury trial a verdict was reported in favor of passenger Dresher against Mr. and Mrs. Cummings and a verdict of no cause of action in driver Dresher's suit. The jury volunteered the information that it had found Mrs. Cummings negligent and driver Dresher " guilty " of

contributory negligence. This information was consistent with the verdicts.

Thereafter Mary Cummings, driver, instituted a negligence action in State Supreme Court against driver Dresher (and the corporate owner of the auto Dresher was driving). Mr. Cummings also sought to recover derivative damages, and damages for injuries to his person and his auto.

Dresher moved to dismiss certain causes of action but Special Term denied the motion. (*Cummings* v. *Dresher,* 43 Misc 2d 556.) The Appellate Division affirmed. (24 A D 2d 912.) The Court of Appeals reversed in 18 N Y 2d 105 with Chief Judge DESMOND writing (p. 107): '' We do not understand why in a reasonable, prompt and nonrepetitious judicial system the negligence or no of these two drivers must be decided all over again, after having once been settled after a jury trial in which all these same people were parties and all the same issues tried and decided ''. Three Judges concurred with the Chief Judge. Judge FULD and Judge VAN VOORHIS concurred with the reversal but only upon the ground that the defense of *res judicata* was available because of the compulsory counterclaim rule prescribed by the Federal Rules of Civil Procedure. Judge BERGAN dissented.

The *Cummings* case is distinguishable from the situation presented here. The issues are different in Darlene's case against Mr. Terwilliger from those litigated in the Kriner action. As heretofore pointed out the duty Darlene owed to her passenger is not the same as she owed to herself. Darlene's negligence was found to be the proximate cause of injuries to Miss Kriner but that same negligence is not necessarily a proximate cause of Darlene's own injuries. Hence, '' all the same issues '' were not tried and decided in the Kriner action.

Furthermore, if the jury finds in this action that Mr. Terwilliger's negligence was willful and wanton, Darlene's negligence would not bar a recovery by her. (*Tidd* v. *Skinner,* 225 N. Y. 422.) Defendant's motion should be denied.