HERMAN G. SCHWARTZ, Respondent, and ELAINE SCHWARTZ, Plaintiff, v. PUBLIC ADMINISTRATOR OF THE COUNTY OF BRONX, as Administrator of the Estate of GEORGE PANOFF, Deceased, Appellant.

First Department, June 18, 1968.

*Robert G. Sheller* of counsel (*Morris L. Wolf* and *Edgar T. Schleider* with him on the brief; *Edward A. Harmon,* attorney), for appellant.

*Kenneth B. Becker* for respondent.

EAGER, J. P. Sound judicial reasoning, in light of recent decisions of our courts, requires the sustaining of the defense of *res judicata* to the causes of action of the plaintiff Herman Schwartz. Defendant's motion to dismiss such causes of action should have been granted.

The complaint sets forth three causes of action — one for the personal injuries of Herman Schwartz, the second for injuries sustained by his wife, and the third for recovery by Herman Schwartz for loss of services and medical expenses resulting from his wife's injuries. The plaintiffs' injuries resulted from an automobile accident wherein a vehicle, owned and operated by the plaintiff Herman Schwartz, in which his wife and others were passengers, collided with a vehicle owned by George Panoff (now deceased), and operated by his son, Bernard Panoff. This action by Herman Schwartz and his wife is maintained against George Panoff's administrator. The passengers in the Schwartz vehicle, other than Mrs. Schwartz, had heretofore brought a personal injury action against Herman Schwartz and against George Panoff, owner, and Bernard Panoff, the operator of the Panoff vehicle. In this prior action, it was alleged that the accident was caused by the joint negligence of the drivers of the two vehicles including Schwartz. Such action was duly tried and judgment therein was recovered by the plaintiffs against Herman Schwartz and George Panoff, as codefendants. The defendant administrator of Panoff asserts the defense that the judgment in the prior

action bars a recovery by the plaintiff Herman Schwartz in the present action. The administrator points out that Schwartz may recover in this action only upon a showing of his freedom from contributory negligence, whereas the prior judgment conclusively establishes that his negligence contributed to cause the collision of the two vehicles.

Special Term, relying principally upon *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686), rejected the contention that Herman Schwartz' causes were barred by the judgment recovered against him by the passengers in the prior action. It is clear, however, that the *Glaser* case should no longer be blindly followed as a controlling precedent. Recent decisions in the Court of Appeals give clear indication that *Glaser* may not be accepted as an authority under the present day application of the principles of *res judicata* and collateral estoppel.

In *Israel* v. *Wood Dolson Co.* (1 N Y 2d 116, 119), the court noted '' that the fact that a party has not had his day in court on an issue *as against a particular litigant* is not decisive in determining whether the defense of *res judicata* is applicable. ''

In *Cummings* v. *Dresher* (18 N Y 2d 105), the determination in a Federal court action that both drivers of two colliding automobiles were negligent was held to bar the right of the defendants in that action (the owner and the driver of one of the vehicles) to maintain an independent action against the other vehicle driver, who had been a plaintiff in the prior action. It is true that the drivers of the two vehicles were adverse parties in the prior Federal court action but Chief Judge DESMOND significantly wrote (p. 107) : '' We do not understand why in a reasonable, prompt and nonrepetitious judicial system the negligence or no of these two drivers must be decided all over again, after having once been settled after a jury trial in which all these same people were parties and all the same issues tried and decided. ''

Finally, the Court of Appeals in *B. R. De Witt, Inc.* v. *Hall* (19 N Y 2d 141), held that the time has come to overturn the requirement of mutuality as an element of the defense of *res judicata* or collateral estoppel; '' we are saying that the ' doctrine of mutuality ' is a dead letter. While we have not expressly so held, the trend of our decisions leads to this conclusion '' (p. 147). It is true that in a footnote to the opinion of Judge SCILEPPI, it is stated that the *Glaser* case was clearly distinguishable from the case then before the court and that whether *Glaser* would be followed was not before the court. Yet, the trend of judicial decision culminating in *De Witt* gives every

indication that *Glaser* would not now be followed. (See, also, 36 Fordham L. Rev. 1, 13.)

The rule prestiged by *Glaser* may no longer be adhered to on the theory that the codefendants in the prior action did not litigate the question of negligence as true and complete adversaries. "Under the modern view, even if the codefendants against whom a joint judgment was recovered in a passenger's action are held not to have been adversaries as to each other, the defense of *res judicata* may nevertheless be interposed to bar a subsequent action by one of the defendants against the other upon a claim growing out of the same accident. The application of *res judicata* in that situation is certainly fair and just. Each defendant was a full participant upon the trial of the passenger's action. Each defendant had a full opportunity to present his version of the accident and to try to exculpate himself and to shift the blame, in whole or in part, to the other defendant. Each defendant assumed the same risk that an adverse finding on the issue of his negligence would bar him from subsequently asserting his own claim for personal injury or property damage against his codefendant. If either of the defendants had wished to have all the details of his own claim concurrently considered by the jury, he could have availed himself of his right to interpose a cross claim against his codefendant (Civ. Prac. Act, § 264; see, also, Civ. Prac. Act, § 474; *Deneau* v. *Beatty,* 195 Misc. 649). It is certainly within the limits of fairness to hold that *res judicata* may be invoked against the subsequent assertion of a claim against a former codefendant which could easily have been interposed as a cross claim in the original action. There is no unfairness in holding that a defendant may not, by refraining from interposing a cross claim against his codefendant, reserve for himself a second chance to try out the issues adjudicated in the first action." (Concurring opn. of HALPERN, J. in *Ordway* v. *White,* 14 A D 2d 498, 501.)

We should bear in mind, as stated in the minority opinion, that we are dealing here with that aspect of *res judicata* which is referred to as collateral estoppel. Thereunder, the inquiry before this court is whether or not the issue as to the negligence of Herman Schwartz, dispositive here, was determined by the prior judgment. On principles now settled, such prior judgment is binding and conclusive upon Herman Schwartz as to the material and relevant issues actually and fully litigated on the merits in the prior action and determined by the judgment entered therein. This is a proper application of the doctrine

of collateral estoppel. (See 50 C. J. S., Judgments, §§ 593, 687; 56 Harv. L. Rev. 1; Restatement, Judgments, § 68; *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307; *Ripley* v. *Storer*, 309 N. Y. 506; *Hinchey* v. *Sellers*, 7 N Y 2d 287; *Friedman* v. *Park Lane Motors*, 18 A D 2d 262, 264; *Hollenbeck* v. *Ætna Cas. & Sur. Co.*, 215 App. Div. 609, 611, affd. 243 N. Y. 540.)

Contrary to what is questioned in the minority opinion, it is clear that the prior action included the litigation of the issue of whether or not the negligence of Herman Schwartz caused or contributed to the collision. He does not dispute such fact in presenting his arguments on this appeal. The damages recovered by the passengers in the prior action and the damages claimed by Herman Schwartz in the present action resulted from alleged injuries received in the collision of the car driven by Mr. Schwartz and another vehicle; and the negligence alleged by the passengers in the prior action as a basis for recovery of their damages was negligence in the operation of the cars. This was the allegation which was litigated in the prior action, and Herman Schwartz does not now contend otherwise. Implicit in the verdict of the jury in favor of the passengers in such prior action and in the judgment entered thereon is a finding that Herman Schwartz was negligent in the operation of his vehicle. It was on this basis that the passengers recovered judgment against Herman Schwartz. This is undisputed and it would serve no purpose to remand the matter for the examination of the pleadings and the record in the prior action.

There is no merit to plaintiff's further argument that there remain undecided the issues appertaining to the possible application of the last clear chance doctrine. The allegations of plaintiffs' complaint in the present action as to the happening of the accident would not support a recovery on the basis of the application of such doctrine. Furthermore, the right of plaintiff Herman Schwartz to recover is expressly based upon the now unsupportable allegation that he was free from contributory negligence; and, in any event, such allegation is entirely inconsistent with a recovery on the theory of last clear chance.

The plaintiff Herman Schwartz is not entitled to a further opportunity to litigate the issue as to his negligence in the cause of the accident. If the present action, as to the first and third causes of action pleaded in favor of Herman Schwartz, is allowed to continue, we could have a determination herein which would undermine the basis upon which the judgment was rendered in the prior action. Such inconsistency should be avoided

(see *Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.*, 250 N. Y. 304, 307, 308, *supra*; *Ripley* v. *Storer*, 309 N. Y. 506, 514, *supra*).

The first and third causes of action seeking recovery for the injuries alleged to have been sustained by Herman Schwartz in the accident and recovery for his loss of services and medical expenses incurred as a result of his wife's injuries, should be dismissed. Accordingly, the order, entered October 20, 1967, should be reversed on the law, without costs and disbursements, and defendant's motion for dismissal of the complaint of plaintiff Herman Schwartz granted.

RABIN, J. (dissenting). I dissent, primarily, because it cannot be determined from this record whether the issues to be tried in the present action are identical with those that were tried in the previous suit. In other words, it cannot be determined from this record that the judgment entered against this plaintiff in the prior action was entered against him as the result of negligence on his part, which caused or contributed to the collision itself, or rather was entered against him because of his negligence, independent of that which caused the collision, and for which he would nevertheless be responsible to the passenger. The defendant here asserts *res judicata* or collateral estoppel as a defense. Consequently, the burden is on the defendant to establish that the issues in this case are identical with those that have been tried. That, the defendant failed to do.

The Court of Appeals not having receded from the position taken by it in the case of *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686), up to the time the motion for summary judgment was made — and indeed it still has not done so — the plaintiff had a right to rely on it and, consequently, was not cast with the burden of showing that the issues are not identical. If the Court of Appeals should decide that *Glaser* v. *Huette* (*supra*) is no longer viable and, in consequence, that the plaintiff here should have shown the negative, i.e., that the issues in this case are not the same as those in the case that had been tried, then in fairness to this plaintiff, an opportunity should be given to him to so assert and to offer proof in support of such assertion, if he can. In the circumstances, judgment should not be directed against him summarily.

To be more specific — the motion to dismiss the causes of action alleged by the plaintiff, Herman Gerald Schwartz (hereinafter referred to as the " Plaintiff "), is brought pursuant to CPLR 3211 (subd. [a], par. 5) upon the ground that the causes

alleged by such plaintiff are barred by the doctrine of *res judicata*.

The causes of action alleged by the plaintiff are for personal injuries to himself, and for loss of his wife's services and medical expenses as a result of her injuries.

The alleged injuries purportedly arose as a result of an automobile accident which occurred on August 27, 1961. The complaint alleges that on that date the plaintiff was driving his vehicle, and as he made a left turn, a vehicle owned by George Panoff, the defendant's decedent (hereinafter referred to as the "Defendant"), and operated by his son Bernard Panoff, came from behind the plaintiff, cut into the opposite lane of traffic, at an excessive rate of speed, and collided with plaintiff's vehicle. At the time of the accident the coplaintiff, Elaine Schwartz (the plaintiff's wife), and several others were passengers in the plaintiff's automobile.

In the answer interposed by the defendant, it is alleged that prior to the commencement of this action, the passengers (other than Elaine Schwartz) who were riding in plaintiff's vehicle, sued the owners of both vehicles, and recovered a judgment against both. It is because of such verdict and the judgment entered thereon that the defendant asserts that the causes of action now alleged by Herman Schwartz are barred by reason of *res judicata*. Defendant's reasoning is, in effect, that since plaintiff can only recover in this action if he shows his freedom from contributory negligence, he cannot be successful since there has already been a determination that plaintiff was in fact guilty of negligence. Plaintiff, however, contends that his action is not barred by *res judicata* since the parties here were not adversaries in the prior action.

Special Term held for the plaintiff, refusing to dismiss the complaint. It did so upon the authority of *Glaser* v. *Huette* (232 App. Div. 119, affd. 256 N. Y. 686).

It is my opinion that Special Term was correct in refusing to dismiss the complaint. Even apart from *Glaser* v. *Huette* (*supra*), the complaint here should not be dismissed for as stated above it has not been shown that the issues in the action by the passengers were the same as those that are here presented. Nor is it clear that the judgment in the prior action against this plaintiff was based upon a finding that his negligence caused or contributed to the collision itself. *Res judicata* or collateral estoppel should not be applied in this action since the plaintiff here could have been liable to his passenger on the basis of a negligent act not at all related to the initial

collision between the automobiles, and which collision caused this plaintiff his injuries.

In the *Glaser* case (*supra*), upon facts similar to those herein, the court held that " since the parties now here were not adversaries in the former suits but codefendants wherein no duty existed to contest the issue of negligence as between them and no pleadings existed between them, the decisions there settled nothing as to the liability of the codefendants to each other. Therefore, the plea of *res adjudicata* was not available to this defendant. " (*Glaser* v. *Huette,* 232 App. Div. 119). This case was followed by this Department in 1960 under almost identical facts in *Friedman* v. *Salvati* (11 A D 2d 104).

It is asserted, however, by the defendant-appellant that *Glaser* v. *Huette* (*supra*) has been so eroded, that it is no longer controlling and that, therefore, the courts of this State should adopt a contrary view.

Several arguments are offered to support the contention that the reasoning behind the decision in the *Glaser* case is no longer valid.

It is asserted by the defendant that the effect of the many changes in procedural rules has established that codefendants are now adversaries in law as well as in fact. The various changes referred to allow: (1) Pretrial examination of a codefendant even in the absence of a cross claim, (2) a joint tort-feasor who has paid more than his proportionate share of the judgment to collect from his codefendant the excess paid over and above his prorata share, (3) protection of the right to contribution by right to appeal, (4) cross claims between or among codefendants without restriction as to their subject matter.

While without doubt the current rules of procedure would have allowed the plaintiff to litigate his claims against the defendant in the action brought by the passengers, nevertheless, the changes in procedural rules did not and do not mandate that the claims vis-a-vis the codefendants be litigated in the first action. As between the codefendants, even now (as it was at the time of the *Glaser* decision) there is " no duty * * * to contest the issue of negligence as between them ". (*Glaser* v. *Huette, supra.*) There being no duty, plaintiff was not obliged to try such issue. Indeed, it might have been wise for the plaintiff not to submit his case against his codefendant to the jury in the previous case and trust that it would be able to distinguish negligence causing the collision from independent negligence which might result in liability to a passenger.

It is also argued that the recent decisions of the Court of Appeals in *B. R. DeWitt* v. *Hall* (19 N Y 2d 141), and *Cummings*

v. *Dresher* (18 N Y 2d 105) have so changed the rules in relation to *res judicata* that there is nothing left to support the doctrine of the *Glaser* case.

However, neither the *Cummings* nor the *DeWitt* decision purports to overrule *Glaser* and each is factually distinguishable. In *Cummings,* the parties had been on opposite sides in the previous suit, and the specific issues of negligence and contributory negligence of the various parties were decided by the jury in the first action. Those identical issues were raised in the second suit.

In the *DeWitt* case (*supra*), there was a collision between a jeep owned by the defendant and a truck driven by one Farnum and owned by plaintiff. In a prior action Farnum recovered a verdict against the owner of the jeep. In the action by the owner of the truck against the owner of the jeep the Court of Appeals held the first judgment to be *res judicata* since the issues were identical. That case, however, involved issues of derivative liability and, the driver having recovered, the owner could not have been held negligent. At any rate, the Court of Appeals itself distinguished the *Glaser* case, saying that it was " clearly distinguishable on the ground that here [the *DeWitt* case] the relevant issue of Farnum's and Hall's negligence was actually litigated and decided. " (*B. R. DeWitt* v. *Hall, supra,* p. 147.)

There is no doubt that the law with respect to *res judicata* has undergone a tremendous change since the *Glaser* case. I find, however, nothing in the recent decisions which mandates complete reversal of the *Glaser* doctrine. In any event, as indicated, where the issues tried were not identical, we need not consider whether the *Glaser* doctrine still remains.

At this juncture it must be pointed out that we are really dealing here with the doctrine of collateral estoppel. The cause of action here sued upon is not the same cause that was brought by the passengers. The two causes of action were not so identical that a judgment here in favor of the plaintiff would destroy or impair rights or interests established by the first suit. (*Pagano* v. *Arnstein,* 292 N. Y. 326.) However, even if there were room to apply the doctrine of collateral estoppel in this case, the estoppel would be limited to the points actually determined in the first action. (*Schuylkill Fuel Corp.* v. *Nieberg Realty Corp.,* 250 N. Y. 304.) Therefore, in order to apply any doctrine of *res judicata* or collateral estoppel it must first be ascertained what issues were determined in the first action and then whether the determination of such issues necessarily precludes the bringing of this action.

Indeed, one rule that can be gleaned from the *Cummings* and *DeWitt* cases is that the test of whether one action would be considered *res judicata* in a subsequent suit, is whether the issue tried in the first is identical to that which must be tried in the subsequent action.

It is primarily for this reason that the action here should not be dismissed even if it should be held that where a certain issue has been determined in a suit by a passenger against two codefendants, it will be considered *res judicata* in a second action between the codefendants. I come to this conclusion since on this record it cannot be said that the issues in the action brought by the passengers are identical to the issues in this case. True, the first case determined that both codefendants were liable to the passengers and hence negligent with respect to those passengers. However, we do not know the basis for such liability. Sufficient has not been shown to conclude that the negligence for which this plaintiff was held liable to his passengers was the very same as that which caused the collision in which the plaintiff was himself injured. That is to say — it might very well be possible that the original impact between the two automobiles was caused without any fault of the plaintiff — but that for some other or independent reason plaintiff was nevertheless negligent towards and therefore liable to his passengers. For example, immediately subsequent to the collision (with respect to which plaintiff may not have been at fault at all), the plaintiff might have, despite the emergency, be deemed to have been negligent in the manner in which he handled his vehicle. Or the passengers' injuries might have been caused because of defective equipment, which did not in any way cause the original impact. Indeed, there may be any number of reasons why the plaintiff, although free of negligence with respect to the collision, might be held negligent vis-a-vis himself and the passengers. It, therefore, cannot be said that the issues tried in the first action were identical so that a determination in that action bars the maintenance of this lawsuit. (See *Terwilliger v. Terwilliger,* 52 Misc 2d 404, for a situation where the driver's liability to his passenger could very well have rested upon different grounds of negligence than that which caused the collision between the two cars.)

The record in the prior action "including the pleadings, the transcript of the testimony and the Judge's charge", not being before us, no determination as to the identity of the issues can be here made. (*Ordway* v. *White,* 14 A D 2d 498, 502, HALPERN, J., concurring.) (Cf. *Ripley* v. *Storer,* 309 N. Y. 506, 519.) *Res judicata* is an affirmative defense. The burden thus rests

with the defendant to show that the issues are identical. The defendant has not met that burden. In the light of the existing law (considering that the *Glaser* case, *supra,* has never been overruled) it would be unfair to cast the burden to show the contrary on the plaintiff on this motion to dismiss.

Therefore, the order denying the motion to dismiss should be affirmed.

CAPOZZOLI and TILZER, JJ., concur with EAGER, J. P.; RABIN, J., dissents in opinion in which McGIVERN, J., concurs.

Order entered on October 20, 1967, reversed, on the law, without costs or disbursements, and defendant's motion to dismiss the complaint of plaintiff-respondent granted, the action severed as to plaintiff-respondent, and to continue as to the second cause of action of plaintiff Elaine Schwartz.