No. 71–5910.  COX *v.* UNITED STATES.  C. A. 10th Cir. Certiorari denied.  MR. JUSTICE BRENNAN and MR. JUSTICE MARSHALL are of the opinion that certiorari should be granted.

MR. JUSTICE DOUGLAS, dissenting.

Petitioner was convicted of bank robbery after a trial in which the Government introduced over objection tape recordings of his telephone communications.  These tape recordings had resulted from a federal court order which was issued pursuant to Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U. S. C. §§ 2510–2520, and which permitted federal agents to wiretap. Although the order was limited to seizures of communications relating to narcotics offenses, the eavesdroppers discovered that the subjects were discussing a bank robbery and those conversations were recorded despite the limited scope of the order.

The petitioner challenged the introduction of these tapes on the ground that their subject matter was outside the scope of the warrant.  The Court of Appeals rejected this argument, reasoning that once the device was legitimately spliced into the designated telephone lines anything overheard was in "plain view" and therefore could be seized lawfully.  Said the Court of Appeals: "Once the listening commences it becomes impossible to turn it off when a subject other than one which is authorized is overheard," 449 F. 2d 679, 686–687.  With all respect, that is precisely the point.  As I said in *Osborn* v. *United States,* 385 U. S. 323, 353:

"Such devices lay down a dragnet which indiscriminately sweeps in all conversations within its scope,

without regard to the nature of the conversations, or the participants. A warrant authorizing such devices is no different from the general warrants the Fourth Amendment was intended to prohibit."

I would grant this petition, reverse, and hold that Title III offends the Warrant Clause of the Fourth Amendment.