■    FRANCIS PIGNO, an Infant, by His Guardian ad Litem, VINCENT PIGNO, Plaintiff, v LOUIS BUNIM et al., Defendants. ISRAEL L. SCHMIERER, Defendant and Third-Party Plaintiff-Appellant, and MAIMONIDES HOSPITAL et al., Third-Party Defendants-Respondents; et al., Third-Party Defendants. —In a medical malpractice action, the third-party plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County, dated October 4, 1977, as granted the motion of third-party defen-

dant Maimonides Hospital, and the cross motion of third-party defendant Estate of Louis Bunim, for summary judgment as against him. Order affirmed insofar as appealed from, with one bill of $50 costs and disbursements, payable jointly to respondents. Appellant's claims against the third-party defendants-respondents are barred by collateral estoppel. At a trial in the Supreme Court, Suffolk County, of the original plaintiff's medical malpractice claims against appellant, Maimonides Hospital, and Dr. Louis Bunim, the trial court dismissed the complaint as to all three defendants at the close of the plaintiff's case. This court reversed the judgment entered on that determination only insofar as it was in favor of appellant and granted plaintiff a new trial as against him (Pigno v Bunim, 43 AD2d 718, affd 35 NY2d 841). Appellant then commenced this third-party action for contribution and indemnification. The judgment, entered in the main action in favor of the hospital and Dr. Bunim, was a judgment on the merits (see CPLR 5013), which absolved those defendants of liability. Appellant was a party to those proceedings and testified extensively at the trial. Nonetheless, he contends that he was denied a full and fair opportunity to litigate the issue of whether the hospital and Dr. Bunim are jointly liable with him for plaintiff's injuries because the trial occurred before the Court of Appeals decision in Dole v Dow Chem. Co. (30 NY2d 143) and the judgment was rendered at the close of the plaintiff's case before appellant could present evidence in his behalf. Although the trial occurred prior to Dole v Dow Chem. Co. (supra), it nonetheless served appellant's interests to cast blame on his codefendants, the hospital and Dr. Bunim, to protect his right to contribution (see Ordway v White, 14 AD2d 498). Further, appellant has the burden of showing that collateral estoppel should not be applied because he did not have a full and fair opportunity to litigate the issues (see Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 73). Since he has made no showing as to what evidence he was precluded from introducing at the trial, he has failed to satisfy that burden. After examining the record in the instant appeal, and the record on appeal from the Supreme Court, Suffolk County's dismissal of the plaintiff's complaint, we are convinced that the issues in these two proceedings are identical and, further, that appellant had a full and fair opportunity to contest the decision now deemed controlling (see Schwartz v Public Administrator of County of Bronx, 24 NY2d 65, 71, supra). Damiani, J. P., O'Connor, Lazer and Gulotta, JJ., concur.