■ FRANCIS PIGNO, Plaintiff, v LOUIS BUNIM et al., Defendants, and ISRAEL L. SCHMIERER, Third-Party Plaintiff. MAIMONIDES HOSPITAL, Third-Party Defendant-Respondent-Appellant; Estate of LOUIS BUNIM, Third-Party Defendant-Respondent; Estate of SAMUEL PENNELL, Third-Party Defendant-Appellant-Respondent; Estate of BERNARD K. SHERMAN, Third-Party Defendant.—In a medical malpractice action, (1) the third-party defendant estate of Samuel Pennell appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County, dated May 21, 1979, as, upon granting its motion for renewal and reargument, adhered to the original determination dismissing the estate's cross claim against third-party defendants Maimonides Hospital and the estate of Louis Bunim and (2) Maimonides Hospital cross-appeals from so much of the same order as granted the motion for leave to renew and reargue. Order reversed, on the law, with one bill of $50 costs and disbursements payable by the estate of Samuel Pennel jointly to Maimonides Hospital and the estate of Louis Bunim, and motion to renew and reargue denied. At trial in the Supreme Court, Suffolk County, of the plaintiff's medical malpractice claim against defendant third-party plaintiff Schmierer and defendants Maimonides Hospital and the estate of Louis Bunim, the trial court dismissed the complaint as to all three

defendants at the close of plaintiff's case. This court reversed the judgment entered on that determination only insofar as it was in favor of Schmierer and granted plaintiff a new trial as against him *(Pigno v Bunim,* 43 AD2d 718, affd 35 NY2d 841). Schmierer then commenced a third-party action for contribution and indemnification against Maimonides Hospital and the estates of Louis Bunim, Samuel Pennell and Bernard Sherman. The estate of Samuel Pennell asserted a cross claim for contribution and indemnity against the hospital and the estate of Louis Bunim. By order dated October 4, 1977, the Supreme Court, Kings County, dismissed Schmierer's third-party complaint and the estate's cross claim as against the hospital and the estate of Louis Bunim. This court affirmed the order insofar as appealed from by third-party plaintiff Schmierer *(Pigno v Bunim,* 69 AD2d 814, mot for lv to app den 48 NY2d 606). However, the estate of Samuel Pennell did not file a notice of appeal from this order. Thereafter, in December, 1978, the estate of Samuel Pennell moved for leave to renew and reargue the prior motion which resulted in the order that dismissed its cross claim against the hospital and the estate of Louis Bunim. This motion resulted in the order that is now before us on this appeal. We are of the opinion that Special Term improvidently exercised its discretion by granting leave to renew and reargue a prior motion where the application for such relief was made more than 13 months after the movant's time to appeal from the prior order had expired. (See, generally, 2A Weinstein-Korn-Miller, NY Civ Prac, par 2221.03.) Under the circumstances presented here it is patent that the motion was being used to extend the estate of Samuel Pennell's time to appeal from the prior order, so that it could avail itself of subsequent determinations of this court, which have criticized that order insofar as it pertained to the estate (see e.g., *De Felice v English,* 63 AD2d 976). Here, the prior determination as among the parties thereto was a final adjudication settling the rights of parties, *inter se.* Absent the circumstances outlined in CPLR 5015, such as newly discovered evidence, fraud, lack of jurisdiction, etc., a determination of a court from which no appeal is taken ought to remain inviolate *(Matter of Huie [Furman],* 20 NY2d 568, remittitur amd 21 NY2d 1036). "While this result might at times seem harsh, there must be an end to lawsuits and the time to take an appeal cannot forever be extended" *(Matter of Huie [Furman], supra,* p 572). Accordingly, the motion for leave to renew and reargue is denied. We reach no other issue. Hopkins, J. P., Damiani, Gulotta and O'Connor, JJ., concur.