(October 30, 1981)

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v NICHOLAS J. CALOGERO, Respondent. — Order unanimously reversed, motion for reargument granted, and motion to suppress denied. Memorandum: The principal issue presented on this appeal by the People from an order granting defendant's motion to suppress evidence of a telephone conversation between defendant and another party relates to the admissibility of evidence of recordings of conversations, inadvertently intercepted, concerning crimes not enumerated in subdivision (2) of section 2516 of title 18 of the United States Code when the eavesdropping warrant authorizes the interception of calls to secure evidence of an enumerated crime. On October 10, 1978 the New York State Police obtained an eavesdropping warrant authorizing the interception of calls to and from a telephone listed to Tony Sparagna's Restaurant in the City of Utica for the purpose of investigating the crime of gambling. Defendant was not a target of the gambling investigation, nor was he named in the warrant. A telephone call from the restaurant, made by a person named "Jack", to the defendant was intercepted on October 27, 1978. The intercepted conversation related to the proposed illegal use of absentee ballots in an upcoming general election in which defendant was a candidate. On application of the District Attorney, the eavesdropping warrant was amended on November 9, 1978 to include the crimes of illegal voting, conspiracy to promote or prevent election, and procuring fraudulent documents to vote (Election Law, §§ 17-132, 17-152, 17-160). Defendant was indicted on April 21, 1979 on three counts of Election Law violations and two counts of criminal solicitation. He moved to suppress the tape recording of the subject telephone conversation and upon a finding that the police failed to comply with the minimization standards set forth in CPL 700.30, Special Term granted suppression. On a prior appeal to this court, we reversed the order of suppression and denied defendant's motion (*People v Calogero,* 75 AD2d 455). One week earlier, the Court of Appeals decided *People v Shapiro* (50 NY2d 747), in which it struck down a statute (CPL 700.05, subd 8, par [h]) authorizing the issuance of an eavesdropping warrant to investigate the offense of promoting prostitution because that crime is not a designated offense under the corresponding Federal statute (US Code, tit 18, § 2516, subd [2]). Applying pre-emption principles, the Court of Appeals held that the Federal statute imposes upon the States the minimum constitutional criteria for electronic surveillance legislation and that because the State statute was drawn more broadly than the Federal, it ran afoul of the supremacy clause (US Const, art VI). In seeking leave to appeal to the Court of Appeals from this court's order reversing Special Term, defendant relied upon *Shapiro* and argued that because Election Law violations are not crimes for which an eavesdropping warrant may issue, suppression was required. On August 19, 1980 defendant's application for leave to appeal to the Court of Appeals was denied because of the "nonfinality" of our order. Again relying on *Shapiro,* defendant moved at Special Term pursuant to CPLR 2221 to reargue his motion to suppress. Reargument was granted and it is from the order of Special Term suppressing the evidence that the People appeal. Initially, we note that Special Term was without authority to grant reargument in the circumstances. Since *People v Shapiro (supra)* was decided before this court rendered its decision and before the time to appeal therefrom expired, the motion to reargue should have been made to this court (22 NYCRR 1000.2; *Pigno v Bunim,* 74 AD2d 567). In the interest of judicial economy, however, we address the merits. Special Term's reliance upon *Shapiro* as prohibiting the use of the intercepted communication is misplaced. There it was the eavesdropping

warrant itself which related to crimes not enumerated in subdivision (2) of section 2516 of title 18. Here, the original warrant related to an investigation of gambling, a crime which is specifically enumerated in the Federal statute, and the subject telephone conversation was intercepted pursuant to that warrant. Congress contemplated that law enforcement officers might intercept calls related to offenses other than those specified in the warrant and made provision therefore in subdivision (5) of section 2517 of title 18. In construing that section, Federal courts have consistently held that evidence of nonenumerated offenses inadvertently discovered during the course of an otherwise lawful wiretap is admissible (see, e.g., *United States v Pacheco*, 489 F2d 554, cert den 421 US 909; *United States v Aloi*, 449 F Supp 698). Nor may it be said that New York law is more restrictive than Federal law on this subject. Indeed, State procedure for amending a warrant (CPL 700.65, subd 4) to encompass nondesignated offenses is substantially identical to its Federal counterpart *(People v Di Stefano*, 38 NY2d 640, 647). Here, the eavesdropping warrant was validly issued to investigate gambling and the required amendment to include Election Law violations was appropriately sought and granted. The original warrant was procured in good faith and not as a pretext to discover the Election Law violations. The making of the phone call to defendant was not foreseen by the police, and the inadvertent discovery of the subject conversation renders it admissible, consistent with the "plain-view" exception to the warrant requirement *(People v Di Stefano, supra)*. Finally, we find no merit in defendant's claim that because he was not named in the warrant application, the tape of his conversation with another unnamed party should be suppressed *(United States v Donovan*, 429 US 413; *United States v Rabstein*, 554 F2d 190; *United States v Cox*, 449 F2d 679, cert den 406 US 934; *United States v Esposito*, 423 F Supp 908; *People v Gnozzo*, 31 NY2d 134, 143; *People v Palozzi*, 44 AD2d 224, 226). (Appeal from order of Oneida Supreme Court, O'Donnell, J. — suppression.) Present — Dillon, P. J., Simons, Callahan, Denman, and Moule, JJ.