■ In the Matter of ROGER McCANN, Respondent, v TOWN OF ERWIN et al., Appellants. [700 NYS2d 315] —Appeals from order insofar as it denied reargument unanimously dismissed without costs and order affirmed with costs. Memorandum: Petitioner, a former police officer, commenced this proceeding against the Town of Erwin, its supervisor and manager (Town) and the County of Steuben, its administrator and treasurer (County) (collectively respondents), petitioner's former employers, seeking disability benefits pursuant to General Municipal Law § 207-c. The County moved to dismiss the proceeding as barred by the Statute of Limitations and laches. Supreme Court (Purple, Jr., J.) denied that motion and, even though respondents had not answered, held that a prior determination of the Workers' Compensation Board was res judicata with respect to petitioner's entitlement to benefits, and ordered a hearing on the amount of such benefits. Months later, long after the time for answering had expired, the Town moved to dismiss and served an answer. The County cross-moved to dismiss and served an answer, and the County and Town moved for reargument with regard to the prior order. Respondents each appeal from a subsequent order of Supreme Court (Scudder, J.) denying the motion and cross motion to dismiss the petition and/or for renewal or reargument with regard to the prior order of Justice Purple; granting the petition for section 207-c benefits; and ordering a hearing on the amount of the benefits.

Respondents' motion was not based on newly discovered facts but sought only reargument, and thus the order insofar as it denies reargument is not appealable (*see, Empire Ins. Co. v*

*Food City,* 167 AD2d 983, 984). We note, in any event, that denial of reargument was proper because the motion was not made within the time for taking an appeal (*see, Matter of Ryan v Moran,* 124 AD2d 586, 587; *Pigno v Bunim,* 74 AD2d 567, 568).

Insofar as the order is appealable, we conclude that the court properly denied respondents' motion and cross motion to dismiss, which essentially sought to vacate Justice Purple's order and to relieve respondents of the consequences of their own multiple defaults in the proceeding. Neither respondent presented a reasonable excuse for its pattern of delay and default in this proceeding (*see,* CPLR 5015 [a] [1]). Moreover, the court properly refused to consider respondents' answers and motion and cross motion to dismiss because they were not served until more than one year after the filing of the petition and nearly six months after the denial of the County's preanswer motion to dismiss (*see,* CPLR 7804 [c], [f]). (Appeals from Order of Supreme Court, Steuben County, Scudder, J.—Dismiss Pleading.) Present—Denman, P. J., Green, Pigott, Jr., Hurlbutt and Balio, JJ.