■ ROBERT W. CINQUE, Appellant, v ERNEST G. SCHIEFERSTEIN, Respondent. [738 NYS2d 214] —Order, Supreme Court, New York County (Charles Ramos, J.), entered September 25, 2001, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint, and granted defendant's motion for sanctions pursuant to 22 NYCRR 130-1.1 to the extent of directing a Special Referee to hear and report as to the costs incurred by defendant in the form of attorney's fees by reason of plaintiff's filing of a frivolous action and engaging in frivolous conduct, unanimously affirmed, with costs.

Plaintiff, in response to defendant's prima facie showing of entitlement to judgment as a matter of law, failed to offer proof in evidentiary form that defendant architect owed him a fiduciary duty separate from and extraneous to the parties' contractually defined relationship (*see, Syllman v Calleo Dev. Corp.*, 290 AD2d 209), or even that there was a fiduciary relationship (*see, Farash Constr. Corp. v Ferentino & Assoc.*, 167 AD2d 877, 878, *lv denied* 77 NY2d 807). Similarly, plaintiff, in support of his cause for fraud, presented no evidence that defendant made misrepresentations of fact, as opposed to promises of future intent to perform (*cf., Board of Mgrs. of 411 E. 53rd St. Condominium v Dylan Carpet*, 182 AD2d 551, 552), that were extraneous to and separate from promises set forth in the contract (*see, Coppola v Applied Elec. Corp.*, 288 AD2d 41, 42). No question of fact is raised as to any of plaintiff's remaining causes of action. The motion court's finding that defendant was entitled to recover reasonable attorney's fees pursuant to section 130-1.1 for plaintiff's frivolous conduct in commencing and prosecuting this baseless action was proper. Concur—Williams, J.P., Mazzarelli, Andrias, Lerner and Marlow, JJ.