■ Charles & Boudin, Plaintiff, v Hilda Meyer et al., Defendants and Third-Party Plaintiffs-Appellants. Fleet Bank, Formerly Known as Natwest Bank, Third-Party Defendant-Respondent. [762 NYS2d 421] —In an action to recover damages for wrongful restraint of a bank account, the defendants third-party plaintiffs appeal (1), as limited by their brief, from so

much of an order of the Supreme Court, Nassau County (Jonas, J.), dated May 9, 2002, as granted the motion of the defendant third-party defendant to dismiss the third-party complaint and for the imposition of a sanction to the extent of awarding the defendant third-party defendant costs and disbursements, and (2) from so much of an order of the same court entered October 24, 2002, as, upon reargument, awarded the defendant third-party defendant the sum of $8,209.81 as reasonable attorney's fees.

Ordered that the order dated May 9, 2002, is affirmed insofar as appealed from; and it is further,

Ordered that the order entered October 24, 2002, is reversed insofar as appealed from, and the matter is remitted to the Supreme Court, Nassau County, for a hearing and determination as to what constitutes reasonable attorney's fees incurred with respect to the defendant third-party defendant's application to dismiss the third-party action; and it is further,

Ordered that one bill of costs is awarded to the defendant third-party defendant.

The instant controversy arose when the appellants, in an effort to enforce judgments in favor of the appellant Hilda Meyer and against Martin Meyer, served a restraining notice upon Fleet Bank restraining account number 203-5607689. The subject bank account was in the name of the accounting firm Charles & Boudin, which commenced this action to recover damages against the appellants and Fleet Bank, asserting that the restraining notice had caused its checks to "bounce," thereby damaging its reputation. In opposition to the motion of Fleet Bank to dismiss the main action insofar as asserted against it, the appellants contended that "a strong presumption is raised" that Martin Meyer "has a beneficial interest in the Charles & Boudin account restrained." The Supreme Court granted Fleet Bank's motion, on the ground that the appellants intentionally issued the restraining notice against the bank account in question and intended "to hold the Bank responsible if it distributed funds from the account." The appellants filed a notice of appeal from that order, but withdrew their appeal before perfecting it.

Some three years later, the appellants brought a third-party action against Fleet Bank, asserting that Fleet Bank "acted recklessly and negligently when it restrained account #203-5607689." The Supreme Court properly dismissed the third-party action as barred by the doctrine of collateral estoppel (*see Kaufman v Eli Lilly & Co.*, 65 NY2d 449, 455 [1985]; *Gilberg v Barbieri*, 53 NY2d 285 [1981]; *Maheu v Long Is. R.R.*, 244 AD2d 465 [1997]; *Pigno v Bunim,* 69 AD2d 814 [1979]).

Commencement of this third-party action constituted frivolous conduct warranting the imposition of a sanction requiring the appellants to reimburse Fleet Bank for "actual expenses reasonably incurred and reasonable attorney's fees" (22 NYCRR 130-1.1 [a]). However, under the circumstances of this case, a hearing and determination on the question of what constitutes reasonable attorney's fees attributable to the frivolous conduct in issue is warranted (see Marinelli v Oceanside Knolls, 253 AD2d 741 [1998]).

We have not considered the appellants' contention that the Supreme Court improperly granted reargument as it is beyond the scope of their limited notice of appeal from the order entered October 24, 2002 (see Dingle v Pergament Home Ctrs., 141 AD2d 798 [1988]). Altman, J.P., Goldstein, McGinity and Mastro, JJ., concur.