OPINION OF THE COURT
Memorandum.
Order insofar as appealed from unanimously reversed without costs, the branches of defendant’s motion seeking dismissal of the complaint, restitution pursuant to CPLR 5015 (d) and imposition of sanctions granted, sanctions are imposed against plaintiffs counsel, Brian K. Condon, Esq., in the sum of $1,500 and against plaintiffs in the total sum of $1,000, and the branch of defendant’s motion seeking an award of costs granted and matter remanded to the court below for a determination as to the amount thereof.
Plaintiffs commenced the instant action to recover a debt which, it asserted, had accrued between March 26, 2002 and July 18, 2002. Although plaintiffs’ former counsel, Brian K. Condon, was advised soon after service of the complaint that defendant had sold the entity which allegedly incurred the debt to a third party more than 16 months prior to the date the debt was allegedly incurred, he proceeded to enter a default judgment against defendant and to levy upon defendant’s account. Despite being presented with overwhelming documentary evidence, most of which were matters of public record because they were filed with the United States Securities and Exchange Commission, which established that defendant did not own the entity at the time the debt was incurred by said entity, plaintiffs and their counsel refused to vacate the default judgment and make restitution to defendant.
In light of said documentary evidence and in view of plaintiffs’ failure to oppose defendant’s motion to, inter alia, vacate the default judgment and dismiss the complaint, in addition to vacating the default judgment, the Civil Court should also have granted the branch of defendant’s motion which sought dismissal of the complaint (see CPLR 3211 [a]; Jorjill Holding v Grieco Assoc., 6 AD3d 500, 501 [2004]; Prudential Wykagyl/ Rittenberg Realty v Calabria-Maher, 1 AD3d 422, 422 [2003]; *52 see also Goshen v Mutual Life Ins. Co. of NY., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 88 [1994]). Consequently, defendant was entitled to an order requiring plaintiffs to make restitution to defendant of all monies obtained from defendant in satisfaction of the default judgment (see CPLR 5015 [d]).
To the extent that defendant’s motion also sought an order imposing sanctions and awarding defendant costs including, but not limited to, its attorney’s fees, and the imposition of sanctions (see 22 NYCRR 130-1.1), said branches of defendant’s motion should have been granted (see Charles & Boudin v Meyer, 307 AD2d 272, 274 [2003]; Cinque v Schieferstein, 292 AD2d 197, 198 [2002]). The complaint and the application for leave to enter a default judgment asserted material factual statements which were false (see 22 NYCRR 130-1.1 [c] [3]). In addition, despite ample opportunity to ascertain the identity of the proper party, this baseless action was commenced against defendant and then aggressively prosecuted despite having been advised that there was no legal or factual basis to find defendant liable for the debt. As a result, sanctions are imposed against Brian K. Condon in the sum of $1,500 and against plaintiffs in the total sum of $1,000, and the matter is remanded to the Civil Court for a determination as to the amount to be awarded defendant as costs, including defendant’s attorney’s fees (see 22 NYCRR 130-1.1 [d]; Landes v Landes, 248 AD2d 268, 269 [1998]; Telemark Constr. v Fleetwood & Assoc., 236 AD2d 462, 463 [1997]).
Pesce, P.J., Aronin and Patterson, JJ., concur.